■ SEAVIEW ASSOCIATION OF FIRE ISLAND, N. Y., INC., Petitioner, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK, Respondent. SEAVIEW TERMINAL COMPANY, INC., Intervenor-Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State of New York Department of Environmental Conservation (hereinafter the DEC), dated November 6, 1985, which, after a hearing, affirmed a determination of an Administrative Law Judge, dated October 9, 1985, which directed the issuance of a tidal wetlands permit pursuant to ECL article 25 to the intervenor-respondent Seaview Terminal Company, Inc., to subdivide a parcel of land located in Seaview, Fire Island, New York.

Determination confirmed and proceeding dismissed on the merits, with one bill of costs.

Initially, we note that the instant proceeding was erroneously transferred to this court pursuant to CPLR 7804 (g). Since the hearing conducted with respect to the intervenor-respondent's application for a tidal wetlands permit was not a quasi-judicial proceeding involving the cross-examination of witnesses and the making of a record within the meaning of CPLR 7803 (4), the standard of review to be applied in assessing the propriety of the DEC's determination herein is not whether there was substantial evidence in support thereof,

but rather whether the determination was "arbitrary and capricious" (CPLR 7803 [3]; *see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Nevertheless, this court will retain jurisdiction for the purpose of deciding the case on the merits *(cf. Matter of Dennelly v County Attorney of Nassau County,* 107 AD2d 682, 683).

"The arbitrary or capricious test chiefly 'relates to whether a particular action should have been taken or is justified * * * and whether the administrative action is without foundation in fact' " *(Matter of Pell v Board of Educ., supra,* at p 231, quoting from 1 NY Jur, Administrative Law, § 184, at 609). " '[T]he proper test is whether there is a rational basis for the administrative orders' " *(Matter of Pell v Board of Educ., supra,* at p 231, quoting from *Matter of Colton v Berman,* 21 NY2d 322, 329). On this record, we conclude that the appropriate test has been satisfied.

The DEC did not err in issuing the tidal wetlands permit to subdivide the subject property, constituting the sole boat basin in Seaview, Fire Island, New York, without requiring the preparation of an environmental impact statement. There is absolutely no evidence in the record to establish that the subdivision of the property alone might have a significant effect on the environment. In this respect, the Administrative Law Judge properly refused to allow the petitioner to present evidence as to speculative possibilities for use of the property by the applicant's vendees *(see, e.g., Matter of Programming & Sys. v New York State Urban Dev. Corp.,* 61 NY2d 738). We have considered the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.