■ In the Matter of BONDED CONCRETE, INC., Petitioner, v TOWN BOARD OF THE TOWN OF ROTTERDAM, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondent which denied petitioner's application for approval of its reclamation plan.

Our analysis in this case begins and ends with a procedural issue. Based upon the allegations in the petition that respondent's determination was not supported by substantial evidence, Supreme Court transferred the matter to this court pursuant to CPLR 7804 (g). As we explained in *Matter of Save the Pine Bush v Planning Bd.* (83 AD2d 741): "Unless an issue specified in CPLR 7803 (subd 4) is raised, the court in which the proceeding is commenced shall itself dispose of the issues in the proceeding * * * The mere fact that the petition alleges the lack of substantial evidence supporting the determination is not dispositive, for the question of whether an article 78 proceeding must be transferred to the Appellate Division is one to be decided by [Supreme Court], not by petitioners * * * An issue specified in CPLR 7803 (subd 4) arises only where a quasi-judicial hearing has been held and evidence taken pur-

suant to law * * * Such a hearing would ordinarily be conducted in accordance with the procedural requirements of article 3 of the State Administrative Procedure Act". *(See also, Matter of Christopher v Phillips,* 160 AD2d 1165, 1167, *lv denied* 76 NY2d 706.)

The public hearing held by respondent was clearly not a quasi-judicial hearing and, thus, was not the type of hearing contemplated by CPLR 7803 (4) *(see, Seaview Assn. v Department of Envtl. Conservation,* 123 AD2d 619; *Matter of Bravata's Carting v Town of Huntington,* 120 AD2d 521; *Matter of Gernatt Gravel Prods. v Town of Collins,* 105 AD2d 1057; *Matter of Save the Pine Bush v Planning Bd., supra).* The proceeding, therefore, was improperly transferred to this court *(see, e.g., Seaview Assn. v Department of Envtl. Conservation, supra).*

It is the general rule that once the proceeding comes before it, even if by erroneous transfer, the Appellate Division shall pass on all of the issues, but an exception to this general rule arises when the record is insufficient to permit a resolution of the issues on the merits (CPLR 7804 [g]; *Matter of Save the Pine Bush v Planning Bd., supra).* Petitioner contends that as a result of Supreme Court's ruling that this proceeding was appropriate for transfer pursuant to CPLR 7804 (g), certain documents were excluded from the record, and petitioner asserts that the record should be expanded to include these documents if the transfer was improper. It is unclear whether the excluded documents are relevant to the issues raised by the allegations of the petition *(see,* CPLR 7803 [3]), but we conclude that the appropriate remedy is to reverse the order transferring the proceeding to this court and remit the proceeding to Supreme Court. Upon remittal, the record can be resettled, if necessary, and the issues can be disposed of on the merits by the court where the proceeding was commenced.

Mahoney, P. J., Yesawich Jr. and Mercure, JJ., concur. Adjudged that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.