■ In the Matter of HELEN ROSENFELD et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF RAMAPO et al., Respondents. [774 NYS2d 359]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Ramapo, dated January 17, 2002, which, after a hearing, granted the application of the respondent Congregation Mesifta Ohel Torah for certain area variances, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated November 29, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

While religious institutions are not exempt from local zoning laws, "greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made" (*Matter of Genesis Assembly of God v Davies,* 208 AD2d 627, 628 [1994]; *see Cornell Univ. v Bagnardi,* 68 NY2d 583, 593 [1986]; *Matter of Diocese of Rochester v Planning Bd. of Town of Brighton,* 1

NY2d 508, 523 [1956]). Accordingly, the determination of the respondent Zoning Board of Appeals of the Town of Ramapo (hereinafter the Zoning Board) to grant the requested area variances was rationally based and was neither arbitrary nor capricious (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Fuhst v Foley,* 45 NY2d 441 [1978]; *Cowan v Kern,* 41 NY2d 591 [1977]; *see also Cornell Univ. v Bagnardi, supra; Matter of Diocese of Rochester v Planning Bd. of Town of Brighton, supra*).

Contrary to the petitioners' contention, the determination of the Zoning Board dated January 17, 2002, did not have to be annulled based on an alleged conflict of interest between the chairman of the Zoning Board and the respondent Congregation Mesifta Ohel Torah (hereinafter the Congregation), pursuant to General Municipal Law § 809. The chairman volunteered as a mathematics teacher during the 2000-2001 school year at a yeshiva which was not affiliated with the Congregation but at which the Congregation's president was the principal. Thus, the chairman did not need to recuse himself from voting on the instant application since there was no conflict of interest (*see* General Municipal Law § 809; *Webster Assoc. v Town of Webster,* 59 NY2d 220 [1983]; *Matter of DePaolo v Town of Ithaca,* 258 AD2d 68 [1999]; *Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd. of Town of Tuxedo,* 69 AD2d 320 [1979]).

In addition, the Supreme Court properly determined that the petitioners could not challenge the negative declaration of the Town of Ramapo Planning Board (hereinafter the Planning Board) pursuant to the State Environmental Quality Review Act (ECL art 8) since the Planning Board was not made a party to this proceeding.

The petitioners' remaining contentions are without merit. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.