■ In the Matter of JASON TAGGART, Appellant, v LYDIA A. TORTORA et al., Respondents. [805 NYS2d 127]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Southold dated December 17, 2003, which, after a hearing, denied the petitioner's application for a waiver of a lot merger, the petitioner appeals from a judgment of the Supreme Court, Suf-

folk County (Emerson, J.), dated June 10, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion, and a determination of a zoning board should be sustained on judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*id.*).

Here, the denial of the petitioner's application for a waiver of a lot merger had a rational basis and was not arbitrary and capricious (*id.*; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]). The petitioner failed to establish that he would suffer economic hardship as required to obtain a waiver of a lot merger pursuant to section 100-26 of the Southold Town Code. Thus, the Supreme Court properly declined to disturb the determination of the Board of Appeals of the Town of Southold to deny the application (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra*). Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.