■ In the Matter of EDWARD HALPERIN et al., Petitioners, v CITY OF NEW ROCHELLE et al., Respondents. [809 NYS2d 98]—

Hybrid proceeding pursuant to CPLR article 78, inter alia, in effect, to review three determinations of the respondent Board of Appeals on Zoning of the City of New Rochelle, dated February 5, 2002, February 4, 2003, and February 18, 2003, respectively, which, after a hearing, declined to apply the criteria for determining an application for a use variance to an application for a parking variance and, after a hearing, approved a final environmental impact statement, and, in effect, declined to compel the preparation of a supplemental environmental impact statement in connection with an application for permission to construct a house of worship, and granted the application of the respondent Young Israel of New Rochelle for certain area variances in connection with the construction project, and action for a judgment declaring, inter alia, that the City Council of the City of New Rochelle exceeded its authority when it enacted City of New Rochelle Zoning Ordinance § 331-4.

Ordered that so much of the hybrid proceeding and action as seeks a judgment declaring, inter alia, that the City Council of the City of New Rochelle exceeded its authority when it enacted City of New Rochelle Zoning Ordinance § 331-4, is dismissed as academic; and it is further,

Adjudged that the determinations are confirmed, the petition is otherwise denied, and the proceeding is otherwise dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The Supreme Court should have disposed of this hybrid proceeding and action on the merits instead of transferring it to this Court pursuant to CPLR 7804 (g). The transfer of a CPLR article 78 proceeding is authorized when "the substantial evidence issue specified in question four of section 7803" is raised and must be decided in order to dispose of the proceeding (CPLR 7804 [g]). The issue specified in subdivision four of CPLR 7803 is "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence" (CPLR 7803 [4]). Thus, a "substantial evidence" question is presented only where a quasi-judicial evidentiary hearing has

been held (see *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758 [1991]; *Matter of Colton v Berman*, 21 NY2d 322, 329 [1967]). Substantial evidence "is related to the charge or controversy and involves a weighing of the quality and quantity of the proof . . . More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]).

Another type of question that may be raised in a CPLR article 78 proceeding is "whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]). In applying the "arbitrary and capricious" standard, a court inquires whether the determination under review had a rational basis. Under this standard, a determination should not be disturbed unless the record shows that the agency's action was "arbitrary, unreasonable, irrational or indicative of bad faith" (*Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]; see *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974] ["Arbitrary action is without sound basis in reason and is generally taken without regard to the facts"]).

Only the latter type of question is involved in this case. This proceeding challenges determinations of the respondent Board of Appeals on Zoning of the City of New Rochelle (hereinafter the Zoning Board). Municipal land use agencies like the Zoning Board are "quasi-legislative, quasi-administrative" bodies (*Matter of Cowan v Kern, supra* at 599), and the public hearings they conduct are "informational in nature and [do] not involve the receipt of sworn testimony or taking of 'evidence' within the meaning of CPLR 7803 (4)" (*Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba*, 238 AD2d 93, 96 [1998]). While parties may have a right to be heard by such agencies and to present facts in support of their position, the forum in which they do so is not "a quasi-judicial proceeding involving the cross-examination of witnesses and the making of a record within the meaning of CPLR 7803 (4)" (*Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y.*, 123 AD2d 619 [1986]). Accordingly, determinations of such agencies are reviewed under the "arbitrary and capricious" standard of CPLR 7803 (3), and not the "substantial evidence" standard of CPLR 7803 (4) (see *Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba, supra* at 96; *Matter of Bonded Concrete v Town Bd.*

*of Town of Rotterdam,* 176 AD2d 1137 [1991]; *Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y., supra*; *Matter of Bravata's Carting v Town of Huntington,* 120 AD2d 521 [1986]; *Dan Gernatt Gravel Prods. v Town of Collins,* 105 AD2d 1057, 1058 [1984]; *Matter of Save the Pine Bush v Planning Bd. of City of Albany,* 83 AD2d 741 [1981]; *see also Lutheran Church in Am. v City of New York,* 35 NY2d 121, 128 n 2 [1974] ["Landmark designations are clearly administrative and not quasi-judicial in nature," and are therefore reviewable under the "arbitrary and capricious" standard of CPLR 7803 (3)]; *Matter of L.S.O.F. CYNWYD v Town of N. Hempstead,* 298 AD2d 520 [2002] [same]).

The Court of Appeals has long recognized the "settled rule" that "in reviewing board actions as to variances or special exceptions the courts . . . restrict themselves to ascertaining whether there has been illegality, arbitrariness, or abuse of discretion" (*Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24 [1962] [collecting cases]; *see People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co. v Walker,* 282 NY 400, 405 [1940] [determination of zoning board of appeals "may not be set aside unless it clearly appears to be arbitrary or contrary to law"] [collecting cases]). The Court of Appeals has continued to articulate the CPLR 7803 (3) standard of review in zoning cases, emphasizing the deference that must be afforded to local officials in making judgments concerning land use in their community (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004] ["(c)ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure"]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002] ["Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion"]; *Matter of Cowan v Kern, supra* at 599 ["Where there is a rational basis for the local decision, that decision should be sustained"]).

In *Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers* (17 NY2d 249 [1966]), the Court of Appeals, citing only *Matter of Lemir Realty Corp. v Larkin* (*supra*), used the term "substantial evidence" in reviewing a determination granting an area variance. The Court of Appeals has since recited in numerous zoning decisions that a determination will be sustained if it has a rational basis and is supported by substantial evidence (while, in most cases, simultaneously invoking the "arbitrary and capri-

cious" standard) (*see e.g. Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra* at 613; *Matter of Ifrah v Utschig, supra* at 308; *Matter of Cowan v Kern, supra* at 598; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309 [1976]).

In *Matter of Sasso v Osgood* (86 NY2d 374 [1995]), however, the Court of Appeals made clear that determinations of municipal land use agencies are not subject to the "substantial evidence" standard set forth in CPLR 7803 (4). The Court of Appeals explained: "We have said that the Zoning Board's determination must be supported by 'substantial evidence' (*see Matter of Doyle v Amster,* 79 NY2d 592, 596, *supra; Matter of Fuhst v Foley,* 45 NY2d 441, 444, *supra; Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314, *supra*). However, a determination of a Zoning Board is administrative or quasi-legislative in character and rationality is the appropriate standard of review. The Board's actions are to be distinguished from quasi-judicial determinations reached upon a hearing involving sworn testimony (*compare 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; CPLR 7803 [4]). When reviewing the determinations of a Zoning Board, courts consider 'substantial evidence' only to determine whether the record contains sufficient evidence to support the rationality of the Board's determination" (*Matter of Sasso v Osgood, supra* at 384 n 2).

Thus, the determination of a municipal land use agency must be confirmed if it "was rational and not arbitrary and capricious" (*Matter of Sasso v Osgood, supra* at 384). A determination will be deemed rational if it has some objective factual basis, as opposed to resting entirely on subjective considerations such as general community opposition. A reviewing court, however, does not consider whether the determination is supported by "substantial evidence," within the meaning of CPLR 7803 (4). In this case, since no substantial evidence question is presented, the Supreme Court should have retained jurisdiction of the matter and reviewed the Zoning Board's determination under the "arbitrary and capricious" standard.

The transfer of the proceeding to this Court was also improper under General City Law § 81-c (4), which requires the Supreme Court to determine all questions presented in a CPLR article 78 proceeding challenging a zoning board's determination (*cf. Matter of Country Glen Assoc. v Newburger,* 305 AD2d 594 [2003] [applying the parallel provision of Town Law § 274-a (11)]).

Although this proceeding was erroneously transferred to this Court, we will decide the case on the merits in the interest of

judicial economy (*see Matter of Country Glen Assoc. v Newburger, supra; Matter of Carlucci v Board of Zoning Appeals of Town of Philipstown,* 205 AD2d 688 [1994]; *Matter of Cucci v Zoning Bd. of Appeals of Town of Huntington,* 154 AD2d 372 [1989]; *Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y.,* 123 AD2d 619 [1986]).

In passing on an application for an area variance, a city zoning board is required to "take into consideration the benefit to the applicant if the variance is granted, as weighed against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (General City Law § 81-b [4] [b]). In making its determination, the zoning board must also consider: "(i) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (ii) whether the benefit sought by the applicant can be achieved by some method feasible for the applicant to pursue, other than an area variance; (iii) whether the requested area variance is substantial; (iv) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (v) whether the alleged difficulty was self-created" (General City Law § 81-b [4] [b]). Furthermore, "[w]hile religious institutions are not exempt from local zoning laws, 'greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made' " (*Matter of Rosenfeld v Zoning Bd. of Appeals of Town of Ramapo,* 6 AD3d 450 [2004], quoting *Matter of Genesis Assembly of God v Davies,* 208 AD2d 627, 628 [1994]; *see Matter of Richmond v Board of Appeals on Zoning of City of New Rochelle,* 24 AD3d 782 [2005] [decided herewith]).

In this case, the Zoning Board balanced and weighed the statutory factors, and its findings were based on objective facts appearing in the record (*see Matter of Ifrah v Utschig, supra; Matter of Sasso v Osgood, supra*). The Zoning Board's determination to grant the requested area variances was rational and not arbitrary and capricious, and therefore it must be confirmed (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra; Matter of Ifrah v Utschig, supra; Matter of Sasso v Osgood, supra; Matter of Cowan v Kern, supra*).

Because the existing and proposed uses of the subject property were uses permitted as of right in the relevant zoning district, the Zoning Board properly applied the statutory criteria for area variances (*see* General City Law § 81-b [4] [b]) to the applicant's request for a variance from off-street parking

requirements (*see Matter of Marro v Zoning Bd. of Appeals of City of Long Beach,* 287 AD2d 506 [2001]; *Matter of Il Classico Rest. v Colin,* 254 AD2d 418 [1998]; *Sanzone v City of Rome,* 170 AD2d 977 [1991]; *Merrick Gables Assn. v Fields,* 143 AD2d 117, 121 [1988]; *cf. Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160, 169 [1972]; *Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon,* 250 AD2d 690, 692-693 [1998]). Since it was proper for the Zoning Board to do so without relying on the provision of the city zoning ordinance defining all variances from off-street parking requirements as area variances (*see* City of New Rochelle Zoning Ordinance § 331-4), we need not determine the validity of that provision, and that portion of this matter which is for a judgment declaring that the City Council of the City of New Rochelle acted beyond its authority in enacting the provision is academic.

Inasmuch as the minimum required number of off-street parking spaces for houses of worship is ambiguously defined in the city ordinance (*see* City of New Rochelle Zoning Ordinance § 331-126, table), the Zoning Board's interpretation of that provision is entitled to deference, and since that interpretation was "neither 'irrational, unreasonable, nor inconsistent with the governing statute,' " it must be upheld (*Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.,* 91 NY2d 413, 419 [1998], quoting *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 62 NY2d 539, 545 [1984]; *see Matter of Frishman v Schmidt,* 61 NY2d 823, 825 [1984]; *Matter of Nadell v Horsley,* 264 AD2d 422 [1999]; *cf. Matter of Dawson v Zoning Bd. of Appeals of Town of Southold,* 12 AD3d 444, 445 [2004]). In addition, the Zoning Board properly resolved the ambiguity in favor the landowner (*see Matter of New York SMSA Ltd. Partnership v Town of Islip Planning Bd.,* 300 AD2d 307, 309 [2002]).

Contrary to the petitioners' contention, the Zoning Board did not improperly delegate its environmental review function under the State Environmental Quality Review Act (ECL 8-0109) (hereinafter SEQRA) to private consultants or other involved agencies. "A lead agency . . . may rely upon the advice it receives from others, including consultants, if reliance is reasonable" (*Matter of Stewart Park & Reserve Coalition v New York State Dept. of Transp.,* 157 AD2d 1, 7 [1990], *affd* 77 NY2d 970 [1991]; *see Akpan v Koch,* 75 NY2d 561, 575 [1990]; *Sun Co. v City of Syracuse Indus. Dev. Agency,* 209 AD2d 34, 51 [1995]; *Matter of Ecumenical Task Force of Niagara Frontier v Love Canal Area Revitalization Agency,* 179 AD2d 261, 268 [1992]). Lead agencies are "likely to be nonexpert in environ-

mental matters, and will often need to draw on others" (*Matter of Coca-Cola Bottling Co. of N.Y. v Board of Estimate of City of N.Y.,* 72 NY2d 674, 682 [1988]). SEQRA and its implementing regulations not only provide for this, but strongly encourage it (*see* ECL 8-0109 [3]; 6 NYCRR 617.3 [i]; former 617.4 [c]; *Matter of Coca-Cola Bottling Co. of N.Y. v Board of Estimate of City of N.Y., supra* at 682). The Zoning Board actively reviewed and considered the potential environmental impact of the proposed project. The matter was the subject of numerous meetings and significant public debate. Rather than rubber-stamping the applicant's proposal, the Zoning Board modified it, placed significant restrictions on the project, persuaded the applicant to construct an underground off-street parking lot, and approved several variances that were lesser in degree than those initially sought. Each of these restrictions was the direct result of the Zoning Board's review of the proposal and extended public debate. Thus, it is clear that there was no abdication of the Zoning Board's SEQRA responsibilities (*see Horn v International Bus. Machs. Corp.,* 110 AD2d 87, 98 [1985]).

SEQRA was designed to "insure[ ] that agency decision-makers—enlightened by public comment where appropriate—will identify and focus attention on any environmental impact of proposed action, that they will balance those consequences against other relevant social and economic considerations, minimize adverse environmental effects to the maximum extent practicable, and then articulate the bases for their choices" (*Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 414-415 [1986]; *see Matter of Coalition for Future of Stony Brook Vil. v Reilly,* 299 AD2d 481, 483 [2002]; *Matter of West Branch Conservation Assn. v Planning Bd. of Town of Clarkstown,* 207 AD2d 837, 838 [1994]). The law is well settled that "judicial review of a SEQRA determination is limited to determining whether the challenged determination was affected by an error of law or was arbitrary and capricious, an abuse of discretion, or was the product of a violation of lawful procedure" (*Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow,* 292 AD2d 617, 619 [2002]; *see Akpan v Koch, supra* at 570; *Matter of Jackson v New York State Urban Dev. Corp., supra* at 416). In reviewing the lead agency's determination, the court must determine whether the lead agency "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp., supra* at 417; *see Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 363-364 [1986]; *Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow, supra*

at 619). In this regard, "it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (*Matter of Jackson v New York State Urban Dev. Corp., supra* at 416; *see Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 397 [1995]; *Chinese Staff & Workers Assn. v City of New York, supra* at 363; *Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow, supra* at 619).

In this case, the Zoning Board satisfied its obligations under SEQRA by taking a hard look at the anticipated environmental impacts of the proposed project in a final environmental impact statement (hereinafter the FEIS), which fully analyzed, among other things, parking, traffic and transportation impacts, groundwater usage and water quality impacts, stormwater run-off impacts, sewerage flow and capacity impacts, neighborhood change and aesthetic impacts, impacts upon nearby historical sites, alternatives to the proposed project, and mitigation measures, some of which were imposed upon the project. Hence, the FEIS adequately provided a reasoned elaboration of the Zoning Board's weighing of environmental factors and its concomitant determination to grant the requested area variances (*see Matter of West Branch Conservation Assn. v Planning Bd. of Town of Clarkstown, supra* at 840).

Contrary to the petitioners' contention, the Zoning Board was not required to analyze so-called cumulative impacts of the proposed project in connection with other planned or anticipated development or use of land in the vicinity of the subject property (*see* 6 NYCRR 617.7 [c] [2]). Such analysis is not required where, as here, the anticipated development or use and the proposed project under review are unrelated, in that they are not part of a common overall plan of development (*see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 80 NY2d 500, 512-515 [1992]; *Matter of Settco, LLC v New York State Urban Dev. Corp.,* 305 AD2d 1026, 1027 [2003]; *Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow, supra* at 621; *Matter of North Fork Envtl. Council v Janoski,* 196 AD2d 590, 591 [1993]).

The Zoning Board adequately analyzed a reasonable range of alternatives to the proposed project. While literal compliance with the procedural mandates of SEQRA is required, the manner in which a lead agency identifies, considers, and analyzes alternatives is a substantive requirement (*see Matter of City of Ithaca v Tompkins County Bd. of Representatives,* 164 AD2d 726, 729 [1991]; *Matter of Town of Dryden v Tompkins County*

*Bd. of Representatives,* 157 AD2d 316, 319 [1990], *affd* 78 NY2d 331 [1991]), and thus is subject to a rule of reason (*see Matter of Town of Dryden v Tompkins County Bd. of Representatives,* 78 NY2d 331, 333-334 [1991]; *Akpan v Koch, supra* at 570). Hence, the "alternatives" section of a FEIS need not identify or discuss every conceivable alternative, and need not be exhaustive, particularly where, as here, the various options lie along a continuum of possibilities. A failure to identify or analyze a particular alternative propounded by opponents or critics of a project does not render a FEIS deficient where, as here, the FEIS identifies and analyzes a reasonable range of alternatives (*see Matter of City of Ithaca v Tompkins County Bd. of Representatives, supra* at 729; *Matter of Morse v Town of Gardiner Planning Bd.,* 164 AD2d 336, 339-340 [1990]; *Horn v International Bus. Machs. Corp., supra* at 93-96; *Aldrich v Pattison,* 107 AD2d 258, 265-267 [1985]; *Matter of Environmental Defense Fund v Flacke,* 96 AD2d 862, 864 [1983]). Because the Zoning Board reasonably considered a range of alternatives, judicial inquiry is at an end (*see Matter of Town of Dryden v Tompkins County Bd. of Representatives,* 78 NY2d at 334; *Coalition Against Lincoln W. v City of New York,* 94 AD2d 483, 491-493 [1983], *affd* 60 NY2d 805 [1983]).

We reject the petitioners' argument that the Zoning Board should have prepared and circulated a supplemental environmental impact statement (hereinafter SEIS) solely to analyze a favored alternative that may have become more easily attainable. Contrary to the petitioners' contention, there were no environmentally-significant modifications made after the Zoning Board issued the FEIS, nor was there evidence of changes to the proposal, newly-discovered information, or adverse impacts which were inadequately addressed in the FEIS that would warrant, let alone mandate, the preparation of a SEIS (*see* 6 NYCRR 617.9 [a] [7]; *Matter of Jackson v New York State Urban Dev. Corp., supra* at 429-430; *Matter of Village of Pelham v City of Mount Vernon Indus. Dev. Agency,* 302 AD2d 399, 400-401 [2003]; *Matter of Town of Pleasant Val. v Town of Poughkeepsie Planning Bd.,* 289 AD2d 583 [2001]; *cf. Matter of Doremus v Town of Oyster Bay,* 274 AD2d 390, 393-394 [2000]).

The petitioners failed to satisfy their burden (*see Matter of Ramapo Homeowners Assn. v Town of Ramapo,* 2 AD3d 529 [2003]; *Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency,* 224 AD2d 15, 30 [1996]) of establishing that the Zoning Board violated the open meetings provisions of the Public Officers Law when it went into executive session or consulted, in the absence of a quorum, with its attorneys or retained experts (*see*

Public Officers Law § 103 [a]; § 105 [1] [d]; *Matter of MCI Telecom. Corp. v Public Serv. Commn. of State of N.Y.,* 231 AD2d 284, 290-291 [1997]; *Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency, supra* at 29-30; *Matter of Shibley v Miller,* 212 AD2d 799 [1995]; *cf. Matter of Oshry v Zoning Bd. of Appeals of Inc. Vil. of Lawrence,* 276 AD2d 491 [2000]).

The petitioners' remaining contentions are without merit. Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.