■ In the Matter of ANN RICHMOND et al., Petitioners, v CITY OF NEW ROCHELLE BOARD OF APPEALS ON ZONING et al., Respondents. [809 NYS2d 110]—

Proceeding pursuant to CPLR article 78 to review two determinations of the respondent Board of Appeals on Zoning of the City of New Rochelle, dated February 4, 2003, and February 18, 2003, respectively, which, after a hearing, approved a final environmental impact statement and declined to compel the preparation of a supplemental environmental impact statement in connection with an application for permission to construct a house of worship, and granted the application of the respondent Young Israel of New Rochelle for certain area variances in connection with the construction project.

Adjudged that the determinations are confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The Supreme Court erroneously transferred this proceeding to this Court pursuant to CPLR 7804 (g) (see Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2 [1995]; Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle, 24 AD3d 768 [2005] [decided herewith]). Nonetheless, this Court will decide the case on the merits in the interest of judicial economy (see Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle, supra; Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y., 123 AD2d 619 [1986]).

Contrary to the petitioners' contention, the determination of the Board of Appeals on Zoning of the City of New Rochelle (hereinafter the Zoning Board), which granted several area variances to a congregation seeking to construct a synagogue that is permitted as of right in the relevant zoning district, was rational and not arbitrary and capricious (see Matter of Sasso v Osgood, supra at 384; Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle, supra; Matter of Rosenfeld v Zoning Bd. of Appeals of Town of Ramapo, 6 AD3d 450 [2004]). The determination of the Zoning Board did not improperly elevate the religious concerns of the applicant over the public health, safety,

and welfare. "While religious institutions are not exempt from local zoning laws, 'greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made' " (*Matter of Rosenfeld v Zoning Bd. of Appeals of Town of Ramapo, supra* at 450, quoting *Matter of Genesis Assembly of God v Davies,* 208 AD2d 627, 628 [1994]; *see Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of Town of Moreau,* 5 NY3d 407 [2005]; *Cornell Univ. v Bagnardi,* 68 NY2d 583, 593 [1986]; *Matter of Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Sts. v Zoning Bd. of Appeals of Town/Vil. of Harrison,* 296 AD2d 460 [2002]; *Matter of Young Israel of N. Woodmere v Town of Hempstead Bd. of Zoning Appeals,* 221 AD2d 646 [1995]; *Matter of Apostolic Holiness Church v Zoning Bd. of Appeals of Town of Babylon,* 220 AD2d 740, 744 [1995]).

Moreover, the final environmental impact statement (hereinafter the FEIS) prepared and circulated by the Zoning Board in connection with the application for the area variances took the necessary hard look at all anticipated environmental impacts of the proposed project, adequately identified and analyzed a reasonable range of alternatives, proposed reasonable mitigation measures, and was not otherwise deficient (*see Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle, supra*). In addition, there is no basis for the petitioners' contention that the Zoning Board was obligated to prepare a supplemental environmental impact statement (*see Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle, supra*). The Zoning Board thus fully complied with its obligations under the State Environmental Quality Review Act (ECL 8-0109), and its determination that the FEIS was sufficient and complete was not arbitrary (*see Matter of Halperin v Board of Appeals on Zoning of City of New Rochelle, supra*).

The petitioners' remaining contentions are without merit. Prudenti, P.J., S. Miller, Spolzino and Dillon, JJ., concur.