■ In the Matter of B.Z.V. ENTERPRISE CORP., Appellant, v MEENAKSHI SRINIVASAN et al., Respondents. [825 NYS2d 784]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Standards and Appeals of the City of New York, dated January 27, 2003, which, after a hearing, denied the petitioner's application for a use variance to convert an existing four-story building located in a manufacturing zoning district to a residential dwelling, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), dated September 17, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion and judicial review is thus limited to determining whether the zoning board's action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; Matter of DeCaro Capital Inv. Group, LLC v Voekler, 32 AD3d 852 [2006]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 771 [2005], lv dismissed 7 NY3d 708 [2006]). Here, the denial by the respondent Board of Standards and Appeals of the City of New York (hereinafter the Board) of the petitioner's application for a use variance had a rational basis in the record and was not arbitrary and capricious, illegal, or an abuse of discretion (see New York City Zoning Resolution § 72-21; Matter of Ifrah v Utschig, 98 NY2d 304, 308-309 [2002]; Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]; Matter of Halperin v City of New Rochelle, supra at 772). Further, contrary to the petitioner's contention, the instant variance application lacked "sufficient factual similarity" to variance application number 369-01-BZ (cf. Knight v Amelkin, 68 NY2d 975, 978 [1986]). Thus, the Supreme Court properly declined to disturb the Board's determination. Prudenti, P.J., Krausman, Mastro and Rivera, JJ., concur.