■ In the Matter of REZA SHEIBANI, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF HUNTINGTON, Respondent. [835 NYS2d 448]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington dated July 28, 2005, which, after a hearing, denied the petitioner's application for certain area variances as a prerequisite to the subdivision of the subject real property or, in the alternative, for relief under Town Law § 280-a excepting the subject real property from the requirement that a street or highway giving access to the structures proposed to be erected on the subject real property must be duly placed on the official map or plan of the Town of Huntington, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated February 17, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion, and judicial review of their decisions is thus limited to determining whether the zoning board's action was illegal, arbitrary, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of DeCaro Capital Inv. Group, LLC v Voekler*, 32 AD3d 852 [2006]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 771 [2005]). The determination of the Zoning Board of Appeals of the Town of Huntington (hereinafter the Zoning Board) to deny the petitioner's application for certain area variances, which were necessary prerequisites to a subdivision desired by the petitioner, was rational, as the record demonstrated that the proposed subdivision would result in a development which was in substantial nonconformity with the neighborhood. For the same reason, the Zoning Board had a rational basis for denying the petitioner's alternative application for relief from the requirements of Town Law § 280-a (1), which generally prohibit the issuance of a building permit unless a street or highway giving access to the relevant structure is duly placed on the Town's official map or plan, and thus generally prohibit the issuance of building permits for structures on private roads. The Zoning Board reasonably distinguished its approval of a seemingly similar application 17 months earlier (*cf. Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001]). Thus, the Supreme Court properly declined to disturb the Zoning Board's determination. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.