Appeal from a judgment of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered June 12, 2007 in a proceeding pursuant to CPLR article 78. The judgment dismissed the amended petition.
It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Supreme Court properly dismissed the amended petition in this CPLR article 78 proceeding. Petitioner sought to annul the determination of respondent City of Syracuse Planning Commission (Commission) denying his application for project site review for a proposed third-story addition to his apartment building and the creation of three additional parking spaces (project). We note at the outset that, because the Commission’s determination was quasi-legislative in nature, the proper standard of review is whether the determination was arbitrary and capricious or an abuse of discretion (see CPLR 7803 [3]; Matter of Sasso v Osgood, 86 NY2d 374, 384-385 [1995]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770-771 [2005], appeal dismissed 6 NY3d 890 [2006], lv denied 7 NY3d 708 [2006]).
Pursuant to the Zoning Rules and Regulations of the City of Syracuse, the purpose of project site review is to “[p]rotect *1190 streetscapes from projects that are out of character with existing development” (part C, § I, art 10, § I [A]), and applications for project site review with respect to buildings designated as architecturally significant must be referred to the Syracuse Landmark Preservation Board (Board) (see part C, § I, art 10, § VI [F] [2]). Here, petitioner’s application was properly referred to the Board because the apartment building was designated as architecturally significant. The Board then conducted the requisite point by point analysis of the project and comparison to other buildings in the area (see part C, § I, art 10, § VI [G]), and concluded that the project was out of character with respect to its height and parking provisions. The Commission’s determination was based on the Board’s conclusions and, inasmuch as those conclusions are consistent with the purpose of project site review, we conclude that the Commission’s determination was neither arbitrary and capricious, nor an abuse of discretion.
Petitioner’s further contention that the Commission’s determination was improperly based on community opposition to the project is not supported by the record. Present — Scudder, PJ., Martoche, Lunn, Peradotto and Green, JJ.