■ In the Matter of BARTOLINI LANDSCAPING INC., Petitioner, v GARY S. BROWN et al., Respondents. [902 NYS2d 400]—Proceed-

ing pursuant to CPLR article 78 to review a determination of the Westchester County Department of Consumer Affairs, dated March 27, 2009, which, after a hearing, found that the petitioner violated Administrative Code of the County of Westchester § 863.319 (1) (f), (c), § 863.111 (1) (a) and § 863.61, and imposed a civil penalty in the sum of $4,000.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of a determination rendered by an administrative body after a quasi-judicial hearing required by law is limited to whether the determination is supported by substantial evidence (see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769-770 [2005]; CPLR 7803 [4]). Here, the challenged determination was supported by substantial evidence in the record, that is, "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Covello, Belen and Hall, JJ., concur.