■ In the Matter of CONCERNED CITIZENS OF WAINSCOTT et al., Appellants, v PLANNING BOARD OF TOWN OF EAST HAMPTON et al., Respondents. (Proceeding No. 1.) In the Matter of CONCERNED CITIZENS OF WAINSCOTT et al., Appellants, v ZONING BOARD OF TOWN OF EAST HAMPTON et al., Respondents. (Proceeding No. 2.) [10 NYS3d 549]—

In consolidated proceedings pursuant to CPLR article 78 to review (a) a determination of the Planning Board of the Town of East Hampton, dated February 8, 2012, which, after a hearing, approved the application of Wainscott Wombles, LLC, to construct a 600-square-foot single-family residence on the subject premises in addition to an existing commercial building, and (b) a determination of the Zoning Board of the Town of East Hampton, dated June 26, 2012, which, after a hearing, upheld a determination of the Town of East Hampton Building Inspector, dated June 2, 2011, that the Town Code of the Town of East Hampton permitted the subject construction, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Spinner, J.), dated June 10, 2013, as denied the petitions and, in effect, dismissing the proceedings.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In June 2011, the respondent Wainscott Wombles, LLC (hereinafter the LLC), purchased the subject property in Wainscott, New York. The property is located in a residential zoning district, but before 1975 the only building on the property had a pre-existing nonconforming use as a diner. In 1975, the Zoning Board of the Town of East Hampton (hereinafter the ZBA) approved the application of the then-owner of the property to change the nonconforming use from a diner to a real estate office and antique shop. In June 2011, the Town of East Hampton Building Inspector (hereinafter the Building Inspector) determined that the Town of East Hampton Town Code (hereinafter the Town Code) permitted the construction of a single-family residence on the property in addition to the existing commercial building. In February 2012, the Planning Board of the Town of East Hampton (hereinafter the Planning Board) approved an application by the LLC to construct a separate 600-square-foot single-family residence on the premises in addition to the existing commercial building. In June of 2012 the ZBA upheld the Building Inspector's determination. Subsequently, the petitioners commenced the instant CPLR article 78 proceedings to review the determinations of the ZBA and the Planning Board. The Supreme Court, inter alia, denied the petitions and, in effect, dismissed the proceedings.

"[T]he determination of a municipal land use agency must be confirmed if it 'was rational and not arbitrary and capricious' " (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772 [2005], quoting *Matter of Sasso v Osgood*, 86 NY2d 374, 384

[1995]). The Town Code defines commercial property, in relevant part, as "[a]ny lot containing a nonconforming business use" (Code of Town of East Hampton § 255-1-20), and permits "any one commercial property in any district" to have "two uses" (Code of Town of East Hampton § 255-2-45 [A] [2]). Here, contrary to the petitioners' contention, the ZBA's determination that the Town Code permitted the construction of a single-family residence in addition to the existing nonconforming business use, and the Planning Board's determination to approve the application of the LLC to build the single-family residence, were not arbitrary and capricious (*see Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 770).

The petitioners' remaining contentions are without merit. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.