Matter of Akeson v Incorporated Vil. of Asharoken (2024 NY Slip Op 02317)

Matter of Akeson v Incorporated Vil. of Asharoken

2024 NY Slip Op 02317

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2019-13295
 (Index No. 57/18)

[*1]In the Matter of Daniel Akeson, et al., appellants,
v
Incorporated Village of Asharoken, et al., respondents-respondents, Robert Holmes, et al., intervenor-respondents-respondents.

Amato Law Group, PLLC, Garden City, NY (Keith W. Corso, Megan F. Carroll, Alfred L. Amato, and Cem Ozer of counsel), for appellants.
Albanese & Albanese, LLP, Garden City, NY (Bruce W. Migatz of counsel), for respondents-respondents.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Frederick Eisenbud and Richard DeMaio of counsel), for intervenor-respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review two determinations of the respondent Incorporated Village of Asharoken Board of Trustees, both dated December 5, 2017, which denied the petitioners' separate applications for certain permits, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated September 18, 2019. The judgment, insofar as appealed from, denied the second amended petition and dismissed the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents-respondents and the intervenor-respondents-respondents appearing separately and filing separate briefs.
The petitioners filed separate applications with the respondent Incorporated Village of Asharoken Board of Trustees (hereinafter the Board) for permits to construct seasonal floating docks on their waterfront properties. Pursuant to the Code of the Village of Asharoken (hereinafter the Village Code), the respondent Incorporated Village of Asharoken Environmental Review Board (hereinafter the ERB) conducted hearings, reviewed submissions in favor of and against the applications, and recommended that the Board deny the applications. On December 5, 2017, the Board adopted the ERB's recommendations and denied the petitioners' applications.
The petitioners thereafter commenced this proceeding pursuant to CPLR article 78 to review the Board's determinations. In a judgment dated September 18, 2019, the Supreme Court, inter alia, denied the second amended petition and dismissed the proceeding. The petitioners appeal.
In reviewing the Board's determinations, this Court must consider only whether the "determination was made in violation of lawful procedure, was affected by an error of law[,] was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]). "In applying the 'arbitrary and [*2]capricious' standard, a court inquires whether the determination under review had a rational basis" (Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770). Contrary to the petitioners' contention, we need not find that the determination under review was supported by substantial evidence, as the Board here is a "quasi-legislative, quasi-administrative" body (Matter of Cowan v Kern, 41 NY2d 591, 599), the public hearing conducted was "informational in nature and did not involve the receipt of sworn testimony or taking of 'evidence' within the meaning of CPLR 7803(4)" (Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba, 238 AD2d 93, 96), and the forum in which the parties supported their positions was not a "quasi-judicial proceeding involving the cross-examination of witnesses and the making of a record within the meaning of CPLR 7803(4)" (Seaview Assn. of Fire Is. v Department of Envtl. Conservation of State of N.Y., 123 AD2d 619, 619; see Matter of Halperin v City of New Rochelle, 24 AD3d at 770).
Here, the Board's determinations were not arbitrary and capricious. Contrary to the petitioners' contentions, neither the Board's determinations nor the ERB's recommendations were based on criteria not enumerated in the Village Code. Moreover, the Board's failure to consider the revised plans submitted in support of the petitioners' applications after the ERB made its recommendations did not render the Board's determinations arbitrary and capricious, as the revised plans failed to cure the majority of the adverse impacts that the ERB relied upon in making its recommendations.
The Board's determinations also did not violate the petitioners' riparian rights, as the Board's determinations enforced the Village Code, which constituted a reasonable restriction of those rights (see Matter of Milone v Trustees of Freeholders & Commonality of Town of Easthampton, Long Is., N.Y., 6 AD3d 538, 539; Matter of Poster v Strough, 299 AD2d 127).
The parties' remaining contentions are without merit.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court