| Matter of Diamondstone v Niblack |
|:---:|
| 2025 NY Slip Op 32114(U) |
| June 13, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523088/24 |
| Judge: Lisa Lewis |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 20, of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse, at
360 Adams Street, Brooklyn, New York, on
the 13th day of June, 2025.

P R E S E N T:

HON. LISA LEWIS,

Justice.

------------------------------------------------------------------------X

In the Matter of the Application of
KENNETH DIAMONDSTONE,

Petitioner,

For a Judgment under Article 78 of
the Civil Practice Law and Rules

-against-

Index No. 523088/24

PRESTON NIBLACK, in his capacity as THE
COMMISSIONER OF FINANCE OF THE
CITY OF NEW YORK, and CITY OF NEW YORK,

Respondents.

------------------------------------------------------------------------X

The following e-filed papers read herein:

NYSCEF Nos.:

| | |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed | 1-19 |
| Opposing Affidavits (Affirmations) Answer of Respondents | 24 |
| Affidavits/ Affirmations in Reply | 34 |
| Other Papers: | |

Upon the foregoing papers, petitioner Kenneth Diamondstone moves for a

judgment, pursuant to CPLR article 78, 1) vacating and reversing the May 13, 2024, final

administrative determination of the New York City Department of Finance (DOF) that

denied petitioner's request to change the building and tax class of petitioner's property

1

from Building Class V1 (Zoned Commercial or Manhattan Residential) and Tax Class 4 (commercial) to Building Class V0 (Zoned Residential; Not Manhattan) and Tax Class 1 (residential) from Fiscal Year (FY) 2017 (July 1, 2016 to June 30, 2017) to FY 2023 (July 1, 2022 to June 30, 2023); and 2) recalculating the assessment and real estate taxes accordingly.

Petitioner is the owner of a vacant parcel of land located at 448 Park Place in Brooklyn. According to the petition, although the subject vacant property is zoned as residential and located in Kings County, and thus should have been classified pursuant to Real Property Tax Law (RPTL) § 1802 (1) (d) as Building Class V0 (Zoned Residential; Not Manhattan) and Tax Class 1 (residential), the DOF incorrectly classified the property as Building Class V1 (Zoned Commercial or Manhattan Residential) and Tax Class 4 (commercial). On June 30, 2022, petitioner submitted to the DOF a "CLERICAL ERROR OR ERROR IN DESCRIPTION FORM" for the property, wherein he requested that the DOF correct the alleged errors in the building and tax classifications. In his application, petitioner, by his attorney-in-fact, stated, the following:

> "The Property from FY 2017 to FY 2023 was and is billed as vacant land. Vacant land outside of Manhattan that is zoned residential must be assessed as Tax Class 1B, Building Class V0. See RPTL 1802(1)(d). The Property is zoned R6A with an overlay of C1-4. This is a residential zoning classification. The assessor made a clerical error in assessing the Property as Tax Class 4, Building Class V1, Zoned Commercial from FY 2017 to FY 2023. Please note that DOF settled five litigations affecting 13 BBLs exactly like this matter. RSR Amboy LLC, Courtlandt Development, Forest Associates, Frank De Leonardis and 6507 Amboy Road LLC. Attached are two pdf files containing the five stipulations of settlement. Further, the Hon. Wayne M. Ozzi, Supreme Court, Richmond County

2

issued a decision in Richmond SI Owner LLC that found that this type of property should be Building Class V0, TC 1. Attached is the decision.

"Please correct this clerical error and reclassify the Property for FY 2017 to FY 2023 as Tax Class 1, Building Class V0, and please comply with RPTL1805(1) when doing so."

On May 13, 2024, the DOF issued a determination with respect to petitioner's application. In denying the application, the DOF stated:

"We reviewed the assessment of this property in response to your request. In our review, we considered the information that you supplied and other available information about the property.

"After considering this information, we found that the original combination of assessment, exemption, and lot characteristics will remain unchanged for the years indicated on your filing.

"Specifically:

We have determined that the issues in your application do not warrant an adjustment of prior year/years assessments. We have determined that our current building and tax class are appropriate for the parcel for the years under review."

The instant Article 78 proceeding ensued.

In an Article 78 proceeding, the court's review of an agency determination that was not made after a quasi-judicial hearing is limited to consideration of whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal*, 98 AD3d 668, 670 [2d Dept 2012]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770

3

[* 3]

[2d Dept 2005]). In such a proceeding, courts "examine whether the action taken by the agency has a rational basis," and will overturn that action "where it is 'taken without sound basis in reason' or 'regard to the facts'" (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]).

Under Administrative Code [AC] § 11-206, the DOF is authorized to correct any assessment or tax which is erroneous due to a "clerical error" or to an "error of description" contained in the several books of annual record of assessed valuations, or in the assessments-rolls, and if the taxes computed on such erroneous assessment have been paid, the DOF is authorized to refund or credit the difference between the taxes computed on the erroneous and corrected assessments. Under Real Property Actions and Proceedings Law [RPTL] § 1802 (1) (d), New York City properties classified as Tax Class 1 include one-two and three-family homes as well as vacant land outside of Manhattan located in a residential zone. Properties classified as Tax Class 2 are residential properties not covered by Tax Class 1, except hotels and motels and other similar commercial properties (*id.*). Properties classified as Tax Class 3 are utility properties and properties exempt under former section 470 of the RPTL (*id.*). All other properties are classified as Tax Class 4 (*id.*).

Petitioner maintains that since the subject vacant property is located in a residential zone outside of Manhattan, the DOF was arbitrary and capricious in failing to classify the subject property as Building Class V0 and Tax Class 1 residential property and in denying

4

[* 4]

petitioner's application on the ground that the DOF's current building and tax class are appropriate for the subject parcel for the years under review. In their answer and memorandum of law in opposition to the petition, respondents argue, in sum and substance, that the alleged error is beyond the purview of AC § 11-206; that the alleged misclassification must rather be addressed in a tax certiorari proceeding under Article 7 of the RPTL; and that the tax and building class of the subject property is otherwise correct as vacant parcels with a commercial overlay (covering at least 50% of the parcel), such as petitioner's property, are categorized under the New York City Department of City Planning's Zoning Handbook as "not zoned residential" within the meaning of RPTL 1802.

The law is now settled in the Second Department that "vacant land that is zoned residential and located within New York City but outside of the borough of Manhattan [such as the subject property] is properly classified as tax class one, regardless of a commercial overlay" and that a misclassification of such vacant land constitutes a "clerical error or error of description" (19 RCNY former 53-02 [b] [10]) which is properly challenged by the owner through an application under AC § 11-206 and is reviewable in a subsequent Article 78 proceeding should such application be denied (*Matter of Richmond SI Owner, LLC v Soliman*, 235 AD3d 985 [2d Dept 2025]; *Matter of One Liberty Sq., LLC v Niblack*, 235 AD3d 283 [2d Dept 2025]; *Matter of Jomaniam, LLC v Niblack*, 235 AD3d 278 [2d Dept 2025]; *Matter of Adimoolam v Niblack*, 235 AD3d 972 [2d Dept 2025]; *Matter of AAU Targee Rhine Realty, LLC v Niblack*, 235 AD3d 970 [2d Dept 2025]; *Matter of 232 Smith St., LLC v Soliman*, 235 AD3d 967 [2d Dept 2025]; *Matter of 1425 Fulton Dev., LLC v Soliman*, 235 AD3d 965 [2d Dept 2025]; *Matter of 1389 BBB, L.P. v*

5

[* 5]

*Commissioner of Fin. of City of N.Y.*, 235 AD3d 962 [2d Dept 2025]; *Matter of 136-21 Hillside Ave., LLC v Niblack*, 235 AD3d 961 [2d Dept 2025]; *Matter of Block 3738 Constr. Corp. v Niblack*, 234 AD3d 955 [2d Dept 2025]).

Accordingly, it is hereby

ORDERED and ADJUDGED that the instant Article 78 petition is granted; and it is further

ORDERED that the DOF's May 13, 2024 determination with respect to the subject property is hereby vacated; and it is further

ORDERED that petitioner's application for tax reassessment and reclassification is hereby granted; and it is further

ORDERED that the subject property known as 448 Park Place, Brooklyn, NY (Block 1167, Lot 12) be assessed and classified as Building Class V0 (Zoned Residential; Not Manhattan) and Tax Class 1 (residential) so long as it remains vacant property; and it is further

ORDERED that the DOF shall correct the clerical error and error of description with respect to the subject property to reflect said reassessment and reclassification for FY 2017 (July 1, 2016 to June 30, 2017) to FY 2023 (July 1, 2022 to June 30, 2023); and refund or credit the difference between the taxes computed on the erroneous and corrected assessments.

The forgoing constitutes the decision, order and judgment of the court.

ENTER,

J.S.C.

HON. LISA LEWIS

6

[*6]