■ THOMAS STEELE et al., Individually and on Behalf of SAW MILL VALLEY CIVIC ASSOCIATION, Petitioners, v. IRWIN SHULTZ et al., Constituting the Zoning Board of Appeals of the Town of Greenburgh, Respondents, and FRANK C. GAGLIARDI, Intervenor-Respondent.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Zoning Board of Appeals dated April 20, 1972 granting certain area variances of the Zoning Ordinance of the Town of Greenburgh as to the real property of the intervenor-respondent. Determination annulled, on the law, without costs, and matter remitted to the respondent Zoning Board of Appeals for a new hearing to consider such evidence as may be presented as to (1) whether the property may profitably be developed by any means permissible under the Zoning Ordinance with variances less extensive than those which were granted and (2) the division of the property which resulted in the alleged self-created hardship. The property which is the subject of this proceeding is a lot 155 feet in width containing an area of approximately 62,850 feet located in a Light Industrial zone in the Town of Greenburgh. The lot was originally part of a larger parcel having a frontage of approximately 525 feet and an area of 3.71 acres. By means of two deeds dated January 17, 1972 the property was divided among the parties who had owned the parcel as tenants in common so as to create the subject lot. These acts were subsequent to the adoption of the relevant provisions of the Zoning Ordinance. By the determination sought to be reviewed herein the respondent board granted certain area variances to the intervenor-respondent so that a structure containing six indoor tennis courts, a permitted use, could be constructed on the site. The variances included the following: a reduction from 200 feet to 150 feet required for the width of the property; an increase from 20% to 57% in the proportion of the property to be occupied by the building; a reduction

of the requirement for one side yard from 50 feet to 1 foot, for the rear yard from 50 feet to 16 feet, and for the distance from the parking units to the building and to the rear and side yards from 25 feet to 4 feet and from 25 feet to zero feet, respectively; and a reduction of the requirement for parking spaces from 123 to 47. The board found, in essence, that the variances, which were conditioned upon the continued use of the property as an indoor tennis court, were in harmony with the general purpose and intent of the Zoning Ordinance and that they would not be detrimental to surrounding area. In our opinion, even assuming that the granting of these very extensive variances in the face of the fact that they were necessitated by the owners' own act of subdividing the property was within the spirit and intent of the ordinance and constituted a proper exercise of discretion, the determination was improper in view of the fact that the record is devoid of any showing that the variances were the minimum required in order to obtain a reasonable return from the use of the property (*Ministers, Elders & Deacons of Reformed Prot. Dutch Church of Greenville* v. *Schultz*, 37 A D 2d 611; *Van Deusen* v. *Jackson*, 35 A D 2d 58, 62; *Designer Homes* v. *City Council of City of Yonkers*, 36 A D 2d 836; *Matter of Weidenhamer* v. *Bundschuh*, 37 A D 2d 720; Zoning Ordinance of the Town of Greenburgh, § 65-11, subd. B). At the new hearing the burden will be on the intervenor-respondent to establish that the property cannot be profitably developed in any manner, including other permitted uses, which would require less extensive variances than those granted herein. At the hearing, evidence should also be taken as to the division of the property which resulted in the alleged self-created hardship. We note that this proceeding was erroneously transferred to this court by the Special Term, in view of subdivision 7 of section 267 of the Town Law, which provides, with respect to proceedings brought to review determinations of a board of zoning appeals of a town, that "The court at special term shall itself dispose of the cause on the merits, determining all questions which may be presented for determination." Hopkins, Acting P. J., Munder, Gulotta and Benjamin, JJ., concur; Brennan, J., not voting.