■ In the Matter of SEAFORD JEWISH CENTER, INC., Appellant, v BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Respondent.—In a proceeding pursuant to CPLR article 78 to annul respondent's determination, dated March 8, 1973, denying petitioner's application for a zoning variance, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered September 5, 1973, which dismissed the petition. Judgment reversed, on the law, without costs; respondent's determination annulled; and the matter remitted to respondent for reconsideration and the making of findings in proper form, with leave to the parties to present such other and further proof as they may be advised. This proceeding involves an application for side yard variances which would permit an existing one-family dwelling to be used as a house of worship. The respondent board by resolution, following a public hearing, denied the variances, but in so doing failed to give any substantial reason for its action. It merely found, in pertinent part, that "the subject parcel has been used and may in the future be used for one family dwelling purposes, whereby the side yards will comply with the Ordinance. The Board finds no land disability whereby the parcel may not be reasonably used in compliance with the Ordinance. The Board finds no economic injury, practical difficulties or unnecessary hardship." Because of the special constitutional considerations due religious institutions, it has been declared that while a community may impose appropriate and reasonable restrictions upon the use of property for religious purposes (*Matter of Diocese of Rochester v Planning Bd. of Town of Brighton,* 1 NY2d 508, 526), it cannot impose unreasonable or inappropriate ones, unrelated to the public welfare, which in effect exclude a proposed religious use from a residence district (*Matter of Westchester Reform Temple v Brown,* 22 NY2d 488). Bearing in mind that "facilities for religious or educational uses are, by their very nature, 'clearly in furtherance of the public morals and general welfare'" (*Matter of Westchester Reform Temple v Brown, supra,* p 493), the respondent board must do more than merely restate the terms of the applicable ordinance in order to deny the variances sought herein. It must, in addition, make findings of the facts essential to its conclusion. The proceeding is therefore remitted for the purpose of determining the precise grounds upon which petitioner's application was denied, so as to permit intelligent judicial review (cf. 2 Anderson,

N. Y. Zoning Law and Practice [2d ed], § 20.31). Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.