■ In the Matter of MIKVEH OF SOUTH SHORE CONGREGATION, INC., Respondent, v ARMAND A. GRANITO et al., Appellants, and LEONARD WADLER et al., Intervenor-Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead which, *inter alia,* denied petitioner's application for certain variances, the appeal (by permission) is from a judgment of the Supreme Court, Nassau County, dated June 10, 1980, which, after a hearing, annulled the board's determination and remanded the matter to the board for further proceedings. Judgment affirmed, without costs or disbursements. Petitioner Mikveh of South Shore Congregation, Inc., owns a parcel of real property which is located on Peninsula Boulevard in a residential district of Nassau County. The property is improved with a two-story frame brick, single-family detached dwelling, the interior of which was seriously damaged by fire. It has side yards of 7.4 feet and 8.2 feet. Petitioner proposed to alter the interior of the structure to convert the first floor for use as a mikveh, and the second floor for use as a residence for a caretaker and her family. In furtherance of this plan, petitioner filed two building permit applications, one for a waiver of the off-street parking restrictions and the other for a partial waiver of the 20-foot side yard requirement. When the applications were denied, petitioner appealed to the Board of Zoning Appeals of the Town of Hempstead for the same relief. After a public hearing, the board found the proposed use was a religious use, but denied both variances. The side yard variance was denied on the ground that the existing side yards were insufficient for evacuation purposes in the event of a fire, the off-street parking variance was denied because the board felt that parking on the street would present a traffic hazard to other residents who must back out of their driveways. The board also did not find practical difficulties or unnecessary hardship with respect to either application. A review of the present record reveals that Special Term correctly annulled the board's determination denying the variances for this religious use, as it was not supported by substantial evidence. There was no expert testimony or other "hard evidence" to uphold the board's finding that a variance of the side yard restrictions would create a fire hazard or that a variance of the off-street parking requirement would create or increase traffic hazards for the other residents in the area. (see *Jewish Reconstructionist Synagogue of North Shore v Incorporated Vil. of Roslyn Harbor,* 38 NY2d 283). In any event, potential traffic hazards do not justify the exclusion of a proposed religious use (see *Matter of Westchester Reform Temple v Brown,* 22 NY2d 488). However, a prompt hearing as to whether petitioner's reconstruction of the premises could feasibly eliminate the need for a side yard variance or reduce the extent of the variances required is necessary since petitioner failed to offer evidence on the issue at the hearing (see *Steele v Shultz,* 40 AD2d 1027). Lazer, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.