■ In the Matter of ISLAMIC SOCIETY OF WESTCHESTER AND ROCKLAND, INC., Respondent, v JOSEPH P. FOLEY et al., Constituting the Zoning Board of Appeals of the Town of Greenburgh, et al., Appellants. — In a proceedinng pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Greenburgh which denied petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered April 12, 1982, which annulled the determination and remitted the matter to the zoning board with the direction to grant the requested variance under such reasonable conditions as will permit the operation of petitioner's religious facility while mitigating the detrimental or adverse effects on the surrounding community. Judgment affirmed, without costs or disbursements. Petitioner, the Islamic Society of Westchester and Rockland, Inc., is a nonprofit corporation whose principal purposes are to provide religious worship and religious education for persons of the Muslim faith. Petitioner purchased a tract of land in a residential section of the Town of Greenburgh for the purpose of converting an existing single-family residence on the property into a house of worship and part-time religious school. In order to carry out this plan, petitioner applied to the respondent Zoning Board of Appeals of the Town of Greenburgh for a variance

of the requirement in the town zoning ordinance that permits a religious institution to locate in the single-family residence district in which the property in question is situated, provided, *inter alia,* that no building is nearer than 100 feet to any street or lot line. Portions of the existing building which petitioner wished to convert to religious use were as close as 37.75 feet to the rear lot line of the property. After extensive hearings, the zoning board denied petitioner's application for the variance. The court correctly concluded that the board's determination to deny the application was supported by substantial evidence and was not arbitrary and capricious when measured against the general standard for granting area zoning variances. The zoning board concluded that petitioner failed to demonstrate the requisite practical difficulties to obtain an area zoning variance, relying in part, upon the facts that the proposed variance was substantial, that the religious house of worship and school would generate excessive traffic on local roads and substantially impair the privacy, enjoyment and use of the neighboring residential properties and that petitioner conceded that its difficulties could be obviated by means other than a variance, specifically by constructing a new structure elsewhere on the property in conformance with the setback requirements (see *Matter of Wachsberger v Michalis,* 19 Misc 2d 909). However, as the court correctly noted, the case law in this State has established that municipalities must apply the requirements of their zoning ordinances in a more flexible manner to religious institutions in view of the constitutionally protected status of the free exercise of religion. Although religious institutions, like petitioner, are not wholly exempt from the requirement of establishing practical difficulty, and other standards applicable to the granting of zoning variances, a municipality may not deny such a variance to a religious institution on the basis of factors which would justify the exclusion or restriction of commercial establishments, including traffic hazards and decreased enjoyment of neighboring properties (see *Matter of Westchester Reform Temple v Brown,* 22 NY2d 488, 496; *Matter of Diocese of Rochester v Planning Bd. of Town of Brighton,* 1 NY2d 508, 522-523; *Matter of Mikveh of South Shore Congregation v Granito,* 78 AD2d 855). There is an affirmative duty on the part of a local zoning board to suggest measures to accommodate the planned religious use, without causing the religious institution to incur excessive additional costs, while mitigating the detrimental effects on the health, safety and welfare of the surrounding community (see *Jewish Reconstructionist Synagogue of North Shore v Incorporated Vil. of Roslyn Harbor,* 38 NY2d 283, 290, cert den 426 US 950; *Matter of Westchester Reform Temple v Brown,* 22 NY2d 488, 496-497, *supra; Matter of American Friends of Society of St. Pius v Schwab,* 68 AD2d 646, 651, app dsmd 48 NY2d 754, mot for lv to app den 48 NY2d 611). The opponents of the variance found most objectionable that portion of petitioner's proposed plan which sought to convert a garage adjacent to the existing residential structure, which was closest to the lot lines of the neighboring residences, into a congregational center, thus concentrating the most intensive use of their property closest to the most densely populated area in the neighborhood. There are undoubtedly feasible alternatives for locating the most intensive uses of the facility further from the neighboring lot lines, in order to minimize the interference with the privacy and enjoyment of the neighboring properties and to reduce the extent of the variance required (*Matter of Mikveh of South Shore Congregation v Granito,* 78 AD2d 855, *supra*). Therefore, the court properly annulled the determination under review and remitted the matter to the zoning board with the direction to grant the variance under such reasonable conditions as will permit petitioner to establish its house of worship and part-time religious school, while mitigating the detrimental or adverse effects upon the surrounding community. Titone, J. P., Gibbons, Thompson and Rubin, JJ., concur.