■ In the Matter of HARRISON ORTHODOX MINYAN, INC., Respondent, v TOWN BOARD OF HARRISON et al., Appellants, and PRISCILLA PERMUTT et al., Intervenors-Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination dated March 16, 1983, of the respondent Town Board of Harrison, denying the petitioner's application for a special exception use permit, the appeal is from a judgment of the Supreme Court, Westchester County (Silverman, J.), entered February 1, 1989, which annulled the determination, and directed the Town Board of the Town of Harrison to grant the special exception use permit.

Ordered that the judgment is modified, on the law, (1) by deleting the provision thereof which directed the Town Board of the Town of Harrison to grant a special exception use permit and directed it "to make such other accomodations *[sic]* as are necessary to permit such use" and substituting therefor a provision directing the Town Board to grant the permit "upon such reasonable conditions as will permit Harrison Orthodox Minyan, Inc., to hold religious services and perform related religious functions on the subject premises, while mitigating the detrimental or adverse effects upon the surrounding community to the greatest extent possible", and (2) by adding a provision thereto requiring the Town Board to set forth proper findings of fact, based upon the record; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Town Board of the Town of Harrison for further proceedings consistent herewith.

On appeal, the appellants all argue that it was improper for the Supreme Court to grant the petition and to annul the Town Board's denial of the petitioner's application for a special use exception permit in connection with its use of a private residence, *inter alia,* for religious services in the Orthodox Jewish faith.

Insofar as the application implicated the right of the free exercise of religion, we concur with the Supreme Court's finding that the Town Board's unqualified denial of the permit was arbitrary, capricious, and an abuse of discretion *(see, Matter of Diocese of Rochester v Planning Bd.,* 1 NY2d 508, 520-521). Although there is no exemption from zoning rules for religious uses, nor is there any conclusive presumption that any religious use automatically outweighs its ill effects *(see, Cornell Univ. v Bagnardi,* 68 NY2d 583, 594-595), where

the applicant is a religious institution, more flexibility is required and efforts must be made to accommodate the religious use, if possible *(see, Matter of Westchester Reform Temple v Brown,* 22 NY2d 488, 496-497; *see also, Matter of Islamic Socy. v Foley,* 96 AD2d 536, 537). It has been stated that "[e]very effort must be made to accommodate the religious use subject to conditions reasonably related to land use" *(Matter of Holy Spirit Assn. for Unification of World Christianity v Rosenfeld,* 91 AD2d 190, 198).

The record discloses that, notwithstanding the recommendation of one member of the Town Board, who proposed granting the permit upon certain conditions and limitations, a majority of the Town Board voted to deny the permit, without making any attempt to accommodate the proposed religious use. This was improper and constituted an abuse of the Town Board's discretion, in that the Board ignored its affirmative duty to suggest measures to accommodate the proposed religious use *(see, Matter of Islamic Socy. v Foley, supra,* at 536). Upon our review of the record, we find that the proposed religious use could have been substantially accommodated. By way of example, we observe that the accommodation of the religious use and maintenance of the public's safety, health, and welfare could have been achieved by limiting the number of persons who could attend services or meetings at any given time, and by posting "no parking" signs along the street to prevent hazardous road conditions, and by limiting the hours during which meetings or instruction could be held, in conformity with the petitioner's religious practices.

Accordingly, we find that the Supreme Court correctly found that it was error for the Town Board to deny the permit unconditionally. Nevertheless, we find that the language employed by the Supreme Court erroneously conveys the impression that it is the Town Board's duty to do whatever is necessary in order to accommodate the petitioner's proposed use of the residential premises. On the contrary, the Board is required to "suggest measures to accommodate the planned religious use, without causing the religious institution to incur excessive additional costs, while mitigating the detrimental effects on the health, safety and welfare of the surrounding community" *(Matter of Islamic Socy. v Foley, supra,* at 537). Thus, we have modified the language of the judgment to recite that the Town Board is directed to issue the permit upon such reasonable conditions as will allow the petitioner to establish its house of worship, while mitigating any detrimental or adverse effects on the surrounding community *(see, Nedder-*

*meyer v Town of Ontario Planning Bd.,* 155 AD2d 908). Furthermore, given that the Town Board's purported findings of fact are speculative and mere conclusions and contain very little factual matter, we also direct the Town Board to make proper findings of fact upon remittitur *(see, Matter of Seaford Jewish Center v Board of Zoning Appeals,* 48 AD2d 686). Mangano, J. P., Thompson, Kunzeman and Rubin, JJ., concur.