■ In the Matter of GENESIS ASSEMBLY OF GOD, Appellant, v MARY J. DAVIES et al., Respondents. [617 NYS2d 202] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning and Appeals of the Town of North Hempstead, dated July 15, 1992, which, after a hearing, denied the petitioner's application for a variance, the appeal is from an judgment of the Supreme Court, Nassau County (Roncallo, J.), dated January 19, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Zoning and Appeals of the Town of North Hempstead for the issuance of a variance subject to such reasonable conditions as will permit the petitioner to hold religious services and perform related religious functions on the subject premises while mitigating the detrimental or adverse effects upon the surrounding community to the greatest extent possible.

The Building Department for the Town of North Hempstead disapproved the petitioner Genesis Assembly of God's application for a building permit on the ground that the proposed church facility included only 26 off-street parking spaces, almost 50% short of the 50 spaces required by the Code of the Town of North Hempstead. At a public hearing before the respondent Board of Zoning and Appeals regarding the petitioner's application for a variance, the petitioner offered evidence that it holds four services a week at its current location, with a maximum attendance of 98 people, and that, because many people arrive at the church by van, the maximum number of vehicles is 22 cars and two vans.

The respondent denied the variance application. The respondent concluded that, because of the intensity of the church's use (four services per week) and the potential for the growth of the congregation or changes in its methods of transportation, there were no measures or conditions that could be imposed to permit the church to operate with almost 50% fewer off-street parking spaces than required. The respondent specifically rejected the petitioner's suggestion that it impose conditions on the use of the basement classroom area, reasoning that, as a practical matter, such conditions would be difficult to enforce.

The petitioner commenced this proceeding, pursuant to CPLR article 78, to annul the respondent's determination. The Supreme Court denied the petition and dismissed the proceeding. The Supreme Court concluded that the respondent's determination was supported by substantial evidence and that it was neither arbitrary nor capricious. We now reverse.

It is well settled that, while religious institutions are not exempt from local zoning laws, greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made (see, Cornell Univ. v Bagnardi, 68 NY2d 583, 595-596; Matter of Westchester Reform Temple v Brown, 22 NY2d 488, 496-497; Matter of Harrison Orthodox Minyan v Town Bd., 159 AD2d 572, 573). It is incumbent upon a local zoning board to suggest measures to accommodate the proposed religious use while mitigating the adverse effects on the surrounding community to the greatest extent possible (see, Matter of Harrison Orthodox Minyan v Town Bd., supra; Matter of Islamic Socy. v Foley, 96 AD2d 536, 537).

Here, the record indicates that the proposed religious use could have been accommodated by granting the variance

subject to conditions limiting, *inter alia,* the number of persons attending services and the number of services or meetings per week *(see, Matter of Harrison Orthodox Minyan v Town Bd., supra).* Although the respondent relied on these two factors in denying the petitioner's variance application, the respondent apparently did not even consider the possibility of imposing conditions on them. The respondent's determination was therefore arbitrary, capricious, and an abuse of discretion *(see, Matter of Harrison Orthodox Minyan v Town Bd., supra; Matter of Islamic Socy. v Foley, supra).* Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.