■ In the Matter of YOUNG ISRAEL OF NORTH WOODMERE, Appellant, v TOWN OF HEMPSTEAD BOARD OF ZONING APPEALS, Respondent. [634 NYS2d 199] —In a proceeding pursuant to CPLR article 78 to review conditions identified as numbers 5, 9, 12 (d), 13, and 14 in a determination of the Town of Hempstead Board of Zoning Appeals dated December 2, 1992, the petitioner appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered September 10, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and conditions number 5, 9, 12 (d), 13, and 14 of the determination of the Town of Hempstead Board of Zoning Appeals are annulled.

The petitioner, Young Israel of North Woodmere, is a not-for-profit religious corporation that, since 1977, has operated a synagogue in a two-story single-family dwelling in a residentially-zoned neighborhood. On October 12, 1990, the petitioner submitted a building permit application to the Town of Hempstead, requesting that the petitioner's certificate of occupancy be amended to permit the use of the premises as a synagogue. The application was denied because, pursuant to its current use, the premises violated the pertinent off-street parking and side-yard setback requirements of the Town of Hempstead Building Zone Ordinance (see, Town of Hempstead Building Zone Ordinance § 71 [B]; § 319 [A] [5]). Thereafter, the petitioner applied to the Town of Hempstead Board of Zoning Appeals (hereinafter the Board), for side-yard and off-street parking variances.

By decision dated December 2, 1992, the Board unconditionally granted the side-yard variances. The Board also granted a variance from the Town's off-street parking ordinance, subject to various conditions purportedly designed to mitigate problems of traffic congestion. One of these conditions limited to 125 the number of persons who could occupy the subject premises at any given time. The petitioner does not challenge the imposition of this condition.

The petitioner does, however, challenge five of the other conditions imposed by the Board. The petitioner contends that these conditions are not related to any issue concerning off-street parking and therefore must be annulled as irrational, arbitrary, and capricious. The Supreme Court disagreed and dismissed the proceeding. We reverse.

The first of the challenged conditions limited the membership of the petitioner to 50 families although the current membership of 56 families was permitted until "by attrition, membership is reduced to 50 families". The second challenged condition prohibited the performing of the ceremony known as a "Bris" in the subject premises. The third limited any lecture by the congregation's rabbi to one per week, attended by no more than five persons. The fourth challenged condition limited the size of the sign that the petitioner could place on the premises. Finally, the fifth challenged condition prohibited the erection of a tent on the grounds of the premises during the Jewish High Holy Days. A tent had previously been erected for a 10-day period during the High Holy Days to handle the additional 35 or so worshipers that attended services at that time.

In the context of zoning regulations, "churches and schools occupy a different status from mere commercial enterprises and, when the church enters the picture, different considerations apply * * * Thus church and school and accessory uses are, in themselves, clearly in furtherance of the public morals and general welfare" (Matter of Diocese of Rochester v Planning Bd., 1 NY2d 508, 523, 526; see also, Cornell Univ. v Bagnardi, 68 NY2d 583, 593). "[W]hile religious institutions are not exempt from local zoning laws, greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made" (Matter of Genesis Assembly of God v Davies, 208 AD2d 627, 628; see, Matter of Harrison Orthodox Minyan v Town Bd., 159 AD2d 572, 573; Matter of Islamic Socy. v Foley, 96 AD2d 536, 537; Matter of Holy Spirit Assn. for Unification of World Christianity v Rosenfeld, 91 AD2d 190, 198; 1 Anderson, New York Zoning Law and Practice § 11.30 [3d ed]; see also, Matter of Apostolic Holiness Church v Zoning Bd. of Appeals, 220 AD2d 740).

In its decision, the Board acknowledged that none of the congregants who attend services at the subject premises may drive during the Jewish Sabbath. As to the other times that the premises will be used for religious worship, congregants may drive only on two holidays during the course of the year. Additionally, it was undisputed that 74% of the congregants live within a one-half mile radius of the synagogue and 94% live within a three-quarter mile radius.

We conclude that the limitation on the number of occupants of the petitioner's building was sufficient to mitigate any problem related to off-street parking. Under the particular cir-

cumstances of this case, it cannot be said that the further limitation on the petitioner's membership was a rational exercise of the Board's duty to accommodate a religious use while mitigating a particular adverse effect *(see, Matter of Genesis Assembly of God v Davies*, 208 AD2d 627, *supra)*. Rather, the limitation in question was an arbitrary and capricious exercise of the Board's power and must therefore be annulled *(see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). The same conclusion must be reached with respect to the limitation on the "Bris" ceremony on the premises.

Additionally, given the religious prohibition against driving on the High Holy Days, and given the limited use of the tent to a 10-day period during that time, it cannot be said that the proscription against the tent was a rational exercise of the Board's power in mitigation of any off-street parking problem presented herein. A similar conclusion must be reached with respect to the limitation on the frequency and the number of persons attending the rabbi's lecture. In this regard we note that it is undisputed that, to date, no more than five people have attended any such lecture. The Board's speculative argument concerning future increase in attendance is insufficient to justify the burden thus placed on the petitioner's religious affairs.

We note that the size of the sign at issue is significantly less than what is permitted as of right for religious institutions under the Town of Hempstead Building Zone Ordinance. The imposed limitation is patently unrelated to the issue of off-street parking and, under the circumstances, is arbitrary and capricious *(see,* Town of Hempstead Building Zone Ordinance §§ 243, 244).

In view of this determination, we have not addressed the parties' remaining contentions. Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.