In the Matter of JEANETTE CAPRIOLA, Doing Business as WALK IN LOVE FOR JESUS CHURCH, Appellant, v GERALD G. WRIGHT et al., Respondents. [900 NYS2d 754]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Hempstead Board of Appeals, dated July 16, 2008, which, after a hearing, denied the petitioner's application, inter alia, for a special exception permit and an off-street parking variance, the appeal is from a judgment of the Supreme Court, Nassau County (Spinola, J.), entered April 21, 2009, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Town of Hempstead Board of Appeals for a new determination in accordance herewith.

Walk in Love for Jesus Church, Inc., is the owner of certain premises in North Bellmore. The premises are located in a residential zoning district, but since 2004, religious services have been held thereon. The Building Zone Ordinance of the Town of Hempstead (hereinafter the BZO) expressly permits religious uses in residential districts (*see* BZO §§ 82, 83 [C]; § 399 [B]). However, in 2007, the BZO was amended to require a "special exception permit" for the establishment or expansion of a

religious use in any zoning district (BZO § 401 [A], formerly § 388 [A]). The Town of Hempstead Board of Appeals (hereinafter the Board) may grant the permit if the proposed use will not cause "significant negative impacts" on the "public's health, safety, welfare and morals," including, inter alia, "significant traffic congestion" or a "substantial adverse effect on surrounding property values" (BZO § 402 [D] [1], [2]; [E] [1], formerly § 389 [D] [1], [2]; [E] [1]). The Board may deny the permit upon a finding of significant negative impacts unless such impacts "may be substantially mitigated by imposition of appropriate conditions that do not, by their cost, magnitude or volume, operate indirectly to exclude the use altogether" (BZO § 402 [E] [2], [3], formerly § 389 [E] [2], [3]).

Pastor Jeanette Capriola, doing business as Walk in Love for Jesus Church (hereinafter the petitioner), filed an application for a special exception permit so that religious services could continue to be held on the premises. The petitioner also sought area variances for off-street parking and the installation of a sign. As a condition to the grant of the application, the petitioner proposed that only 46 people would be allowed to enter the sanctuary, and while religious services were being conducted in the sanctuary, that no other area of the premises would be used. After a public hearing, the Board denied the petitioner's application in its entirety. The petitioner commenced a proceeding pursuant to CPLR article 78 to annul the Board's determination. The Supreme Court denied the petition, finding that the Board's determination was rational, and not arbitrary and capricious. We reverse.

Contrary to the Board's determination, the petitioner has standing to bring an application for a special exception permit. Section 400 (formerly section 387) of the BZO defines "religious use" as "[a] house of worship or other place regularly and primarily devoted to religious practice" (BZO § 400). This Court has defined religious use as "conduct with a religious purpose, the determination of which focuses on the proposed use itself, not the religious nature of the organization, and in 'each case ultimately rests upon its own facts' " (*McGann v Incorporated Vil. of Old Westbury*, 293 AD2d 581, 583 [2002], quoting *Matter of Community Synagogue v Bates*, 1 NY2d 445, 453 [1956]). Here, the petitioner proposes to use the premises as a house of worship, and to conduct regular religious services on the premises. Thus, the petitioner's application proposes a religious use. This conclusion is not changed by the fact that the certificate of incorporation for Walk in Love for Jesus, Inc., indicated that it was a charitable corporation, rather than a religious one,

since the determination of "religious use" focuses on the proposed use itself, not the religious nature of the organization (*see McGann v Incorporated Vil. of Old Westbury*, 293 AD2d at 583). In any event, we note that the certificate of incorporation had been amended prior to the Board's determination to provide that Walk in Love for Jesus Church, Inc., is a religious corporation with the stated purpose of establishing and operating a church.

Furthermore, the Board's unconditional denial of the petitioner's application was arbitrary and capricious. Unlike a use variance, a "special exception allows the property owner to put his property to a use expressly permitted by the ordinance . . . subject only to 'conditions' attached to its use to minimize its impact on the surrounding area" (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243-244 [1972]; *see Matter of Navaretta v Town of Oyster Bay*, 72 AD3d 823, 825 [2010]). In connection with her application for a special exception permit, the petitioner properly sought area variances, which may be granted in connection with the permit (*see* Town Law § 274-b [3]; *Matter of Real Holding Corp. v Lehigh*, 304 AD2d 583 [2003], *affd* 2 NY3d 297 [2004]; *Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon*, 250 AD2d 690, 693 [1998]). In addition, the petitioner suggested conditions for the limitation of her use in order to mitigate the impact on the surrounding community. "[W]hile religious institutions are not exempt from local zoning laws, greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made" (*Matter of Genesis Assembly of God v Davies*, 208 AD2d 627, 628 [1994]; *see Matter of St. Thomas Malankara Orthodox Church, Inc., Long Is. v Board of Appeals, Town of Hempstead*, 23 AD3d 666 [2005]). A local zoning board is required to "suggest measures to accommodate the proposed religious use while mitigating the adverse effects on the surrounding community to the greatest extent possible" (*Matter of Genesis Assembly of God v Davies*, 208 AD2d at 628; *see Matter of St. Thomas Malankara Orthodox Church, Inc., Long Is. v Board of Appeals, Town of Hempstead*, 23 AD3d at 667).

Here, the record reflects that the Board suggested no measures that would have accommodated the proposed religious use while mitigating the adverse effects on the surrounding community (*see Matter of St. Thomas Malankara Orthodox Church, Inc., Long Is. v Board of Appeals, Town of Hempstead*, 23 AD3d at 667). Despite the conditions proposed by the

petitioner, the Board denied the petitioner's application in its entirety, even though the proposed religious use could have been substantially accommodated (*see Matter of Harrison Orthodox Minyan v Town Bd. of Harrison*, 159 AD2d 572, 573 [1990]). Furthermore, the evidence was insufficient to rebut the presumed beneficial effect of the proposed religious use (*see Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of Town of Moreau*, 5 NY3d 407, 412 [2005]).

Accordingly, we grant the petition, annul the Board's determination, and remit the matter to the Board with a direction to grant the petitioner's application for a special exception permit and area variances under such reasonable conditions as will allow the proposed religious use while mitigating any detrimental or adverse effects upon the surrounding community (*see Matter of Islamic Socy. of Westchester & Rockland v Foley*, 96 AD2d 536, 537 [1983]).

In light of our determination, we need not reach the petitioner's remaining contention. Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.