■ In the Matter of TABERNACLE OF VICTORY PENTECOSTAL CHURCH, Appellant, v DAVID P. WEISS et al., Respondents. [955 NYS2d 180]—

The petitioner, Tabernacle of Victory Pentecostal Church, is the owner of certain premises on Hempstead Turnpike in Franklin Square. The property is split zoned, the front situated in a Business District and the rear situated in a Residence "C" District. The premises have no on-site parking. The petitioner filed an application with the Board of Appeals of the Town of Hempstead (hereinafter the Board) for a special exception permit so that religious services could be held on the premises. The petitioner also sought an area variance for a waiver of the Town's off-street parking requirements. As a condition to the grant of the applications, the petitioner proposed that only 105 people would be allowed to enter the sanctuary, and that two church vans would transport half of the petitioner's approximately 60 members to the site, resulting in the need for off-site parking for, at most, 8 to 10 vehicles during its peak hours of operation. After public hearings, the Board denied the petitioner's applications in their entirety. The petitioner commenced this proceeding pursuant to CPLR article 78 to annul the Board's determinations. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals, and we reverse.

"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002] [citation omitted]). The " 'inclusion of the permitted use in the ordinance is tantamount to a legislative finding that

the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood' " (*id.* at 195, quoting *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243 [1972]). In connection with its application for a special exception permit, the petitioner properly sought an area variance to waive the off-street parking requirement, which may be granted in connection with the permit (*see* Town Law § 274-b [3]; *Matter of Real Holding Corp. v Lehigh,* 304 AD2d 583 [2003], *affd* 2 NY3d 297 [2004]; *Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon,* 250 AD2d 690, 693 [1998]). In addition, the petitioner suggested conditions for the limitation of its use in order to mitigate the impact on the surrounding community. "[W]hile religious institutions are not exempt from local zoning laws, greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made" (*Matter of Genesis Assembly of God v Davies,* 208 AD2d 627, 628 [1994]; *see Matter of Capriola v Wright,* 73 AD3d 1043, 1045 [2010]; *Matter of St. Thomas Malankara Orthodox Church, Inc., Long Is. v Board of Appeals, Town of Hempstead,* 23 AD3d 666 [2005]). A local zoning board is required to "suggest measures to accommodate the proposed religious use while mitigating the adverse effects on the surrounding community to the greatest extent possible" (*Matter of Genesis Assembly of God v Davies,* 208 AD2d at 628; *see Matter of Capriola v Wright,* 73 AD3d at 1045; *Matter of St. Thomas Malankara Orthodox Church, Inc., Long Is. v Board of Appeals, Town of Hempstead,* 23 AD3d at 667).

Here, the record reflects that the Board suggested no measures that would have accommodated the proposed religious use while mitigating the adverse effects on the surrounding community (*Matter of St. Thomas Malankara Orthodox Church, Inc., Long Is. v Board of Appeals, Town of Hempstead,* 23 AD3d at 667; *Matter of Harrison Orthodox Minyan v Town Bd. of Harrison,* 159 AD2d 572, 573 [1990]). Despite the conditions proposed by the petitioner, the Board denied the petitioner's applications in their entirety, even though the proposed religious use could have been substantially accommodated (*see Matter of Capriola v Wright,* 73 AD3d 1043 [2010]; *Matter of Harrison Orthodox Minyan v Town Bd. of Harrison,* 159 AD2d at 573). Furthermore, the evidence was insufficient to rebut the presumed beneficial effect of the proposed religious use (*see Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of Town of Moreau,* 5 NY3d 407, 412 [2005]).

Accordingly, we grant the petition, annul the Board's

determinations, and remit the matter to the Board with a direction to grant the petitioner's applications for a special exception permit and area variance under such reasonable conditions as will allow the proposed religious use while mitigating any detrimental or adverse effects upon the surrounding community (*see Matter of Capriola v Wright*, 73 AD3d 1043 [2010]; *Matter of St. Thomas Malankara Orthodox Church, Inc., Long Is. v Board of Appeals, Town of Hempstead*, 23 AD3d at 667; *Matter of Islamic Socy. of Westchester & Rockland v Foley*, 96 AD2d 536, 537 [1983]). Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.