In a proceeding pursuant to CELR article 78 to review two determinations of the Zoning Board of Appeals of the Town of Hempstead, both dated June 16, 2011, which, after a hearing, denied the petitioner’s applications for, inter alia, a special exception permit and an off-street parking variance, the appeal is from a judgment of the Supreme Court, Nassau County *825 (Bruno, J.), entered March 27, 2012, which granted the petition, annulled the determinations, and directed the Zoning Board of Appeals of the Town of Hempstead to grant the applications under such reasonable conditions as will permit the operation of the petitioner’s religious facility while mitigating any detrimental or adverse effects on the surrounding community.
Ordered that the judgment is affirmed, with costs.
The petitioner, Gospel Faith Mission International, Inc., is the owner of certain premises in Elmont in the Town of Hempstead. The premises are located in a residential zoning district, but are less than 130 feet south of Hempstead Turnpike and less than 30 feet south of the business district running along that thoroughfare. The premises have no on-site parking. The petitioner filed an application for a special exception permit to hold religious services on the premises. The petitioner also sought a special use permit to construct a parking lot for its parishioners on the premises, and area variances waiving the Town’s off-site parking and parking lot maneuvering space requirements. As a condition to the grant of the applications, the petitioner proposed that only 90 people would be allowed to enter the sanctuary, and that two church vans would transport 32 of the petitioner’s approximately 75 members to the site, resulting in the need for at most 7 to 10 vehicles during its peak hours of operation. The parking lot it proposed to construct would provide seven on-site spaces, reducing the need for off-site parking spaces to zero, or at most three. After a public hearing, the Zoning Board of Appeals of the Town of Hempstead (hereinafter the Board) denied the petitioner’s applications in their entirety. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the Board’s determinations. The Supreme Court granted the petition, annulled the determinations, and directed the Board to grant the applications.
The Board’s denial of the petitioner’s applications was arbitrary and capricious. “[WJhile religious institutions are not exempt from local zoning laws, greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made” (Matter of Genesis Assembly of God v Davies, 208 AD2d 627, 628 [1994]; see Matter of Tabernacle of Victory Pentecostal Church v Weiss, 101 AD3d 738, 740 [2012]; Matter of Capriola v Wright, 73 AD3d 1043, 1045 [2010]; Matter of St. Thomas Malankara Orthodox Church, Inc., Long Is. v Board of Appeals, Town of Hempstead, 23 AD3d 666 [2005]). A local zoning board is required to “suggest measures to accommodate the proposed religious use while mitigating the adverse effects on *826 the surrounding community to the greatest extent possible” (Matter of Genesis Assembly of God v Davies, 208 AD2d at 628; see Matter of Tabernacle of Victory Pentecostal Church v Weiss, 101 AD3d at 740; Matter of Capriola v Wright, 73 AD3d at 1045; Matter of St. Thomas Malankara Orthodox Church, Inc., Long Is. v Board of Appeals, Town of Hempstead, 23 AD3d at 667).
Here, the record reflects that the Board voted to deny the petitioner’s applications without making any attempt to accommodate the proposed religious use (see Matter of Harrison Orthodox Minyan v Town Bd. of Harrison, 159 AD2d 572, 573 [1990]). The petitioner suggested conditions for the limitation of its use in order to mitigate the impact on the surrounding community. However, despite the conditions proposed by the petitioner, the Board denied the petitioner’s applications in their entirety, even though the proposed religious use could have been substantially accommodated (see Matter of Tabernacle of Victory Pentecostal Church v Weiss, 101 AD3d at 740; Matter of Capriola v Wright, 73 AD3d at 1045-1046). Further, the Board failed to fulfill its obligation to suggest such measures (see Matter of Tabernacle of Victory Pentecostal Church v Weiss, 101 AD3d at 740; Matter of Capriola v Wright, 73 AD3d at 1045; Matter of St. Thomas Malankara Orthodox Church, Inc., Long Is. v Board of Appeals, Town of Hempstead, 23 AD3d at 667). Moreover, the evidence was insufficient to rebut the presumed beneficial effect of the proposed religious use (see Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of Town of Moreau, 5 NY3d 407, 412 [2005]). Accordingly, the Supreme Court properly annulled the determinations and directed the Board to grant the applications under such reasonable conditions as will permit the operation of the petitioner’s religious facility while mitigating any detrimental or adverse effects on the surrounding community (see Matter of Islamic Socy. of Westchester & Rockland v Foley, 96 AD2d 536, 537 [1983]). Rivera, J.E, Dillon, Chambers and Hinds-Radix, JJ., concur.