Matter of Guttman v Covert Town Bd. (2021 NY Slip Op 04880)





Matter of Guttman v Covert Town Bd.


2021 NY Slip Op 04880


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


638 CA 20-01094

[*1]IN THE MATTER OF CHARLES GUTTMAN AND SHIRLEY LADD, PETITIONERS-APPELLANTS-RESPONDENTS,
v
COVERT TOWN BOARD, RESPONDENT-RESPONDENT, PAUL MIKESKA AND HEIDI MIKESKA, RESPONDENTS-RESPONDENTS-APPELLANTS. 






THE CROSSMORE LAW OFFICE, ITHACA (ANDREW P. MELENDEZ OF COUNSEL), FOR PETITIONERS-APPELLANTS-RESPONDENTS. 
SHARON M. SULIMOWICZ, ITHACA, FOR RESPONDENTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from a judgment (denominated order and judgment) of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered May 15, 2020 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted the petition in part. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to respondent Covert Town Board for further proceedings in accordance with the following memorandum: Petitioners appeal and Paul Mikeska and Heidi Mikeska (respondents) cross-appeal from a judgment that, inter alia, granted in part petitioners' CPLR article 78 petition seeking, among other things, to annul the determination of respondent Covert Town Board (Town Board) granting respondents' application for a variance from the requirement that they must obtain a building permit before making improvements to their property. We are unable on the record before us to review the propriety of Supreme Court's conclusions regarding the Town Board's determination (see Matter of Fike v Zoning Bd. of Appeals of Town of Webster, 2 AD3d 1343, 1343 [4th Dept 2003]). Generally, "[f]indings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination" (Matter of South Blossom Ventures, LLC v Town of Elma, 46 AD3d 1337, 1338 [4th Dept 2007], lv dismissed 10 NY3d 852 [2008] [internal quotation marks omitted]; see Matter of Livingston Parkway Assn., Inc. v Town of Amherst Zoning Bd. of Appeals, 114 AD3d 1219, 1219-1220 [4th Dept 2014]; see also Matter of Paloma Homes, Inc. v Petrone, 10 AD3d 612, 613 [2d Dept 2004]). Here, although the Town Board held a public hearing and a meeting to discuss respondents' application and engaged in a lengthy discussion regarding that application, the Town Board failed to articulate its reasons for granting the variance and failed to set forth any findings of fact to support its determination. We therefore hold the case, reserve decision and remit the matter to the Town Board to set forth the factual basis for its determination.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court