Matter of Guttman v Covert Town Bd. (2023 NY Slip Op 01632)

Matter of Guttman v Covert Town Bd.

2023 NY Slip Op 01632

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, CURRAN, AND MONTOUR, JJ.

954 CA 20-01094

[*1]IN THE MATTER OF CHARLES GUTTMAN AND SHIRLEY LADD, PETITIONERS-APPELLANTS-RESPONDENTS,
v
COVERT TOWN BOARD, RESPONDENT-RESPONDENT, PAUL MIKESKA AND HEIDI MIKESKA, RESPONDENTS-RESPONDENTS-APPELLANTS. 

THE CROSSMORE LAW OFFICE, ITHACA (ANDREW P. MELENDEZ OF COUNSEL), FOR PETITIONERS-APPELLANTS-RESPONDENTS. 
SHARON M. SULIMOWICZ, ITHACA, FOR RESPONDENTS-RESPONDENTS-APPELLANTS.
PATRICK J. MORRELL, SENECA FALLS, FOR RESPONDENT-RESPONDENT.

 Appeal and cross appeal from a judgment (denominated order and judgment) of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered May 15, 2020 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, granted the petition in part. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to respondent Covert Town Board for further proceedings in accordance with the following memorandum: Petitioners appeal and Paul Mikeska and Heidi Mikeska (respondents) cross-appeal from a judgment that, inter alia, granted in part petitioners' CPLR article 78 petition seeking, among other things, to annul the determination of respondent Covert Town Board (Town Board) granting respondents' application for a variance from the requirement that they must obtain a building permit before making improvements to their property. When this matter was previously before us, we concluded that, "although the Town Board held a public hearing and a meeting to discuss respondents' application and engaged in a lengthy discussion regarding that application, the Town Board failed to articulate its reasons for granting the variance and failed to set forth any findings of fact to support its determination" (Matter of Guttman v Covert Town Bd., 197 AD3d 1009, 1010 [4th Dept 2021]). We therefore held the case, reserved decision and remitted the matter to the Town Board to set forth the factual basis for its determination (id.). Following motion practice before this Court in which the Town Board was compelled to comply with our prior order, the Town Board eventually submitted, in relevant part, an unsworn document signed solely by its attorney purporting to constitute findings of fact.
Generally, "[f]indings of fact which show the actual grounds of a decision are necessary for an intelligent judicial review of a quasi-judicial or administrative determination" (Matter of South Blossom Ventures, LLC v Town of Elma, 46 AD3d 1337, 1338 [4th Dept 2007], lv dismissed 10 NY3d 852 [2008] [internal quotation marks omitted]; see Matter of Livingston Parkway Assn., Inc. v Town of Amherst Zoning Bd. of Appeals, 114 AD3d 1219, 1219-1220 [4th Dept 2014]). Here, we conclude that the Town Board has once again precluded intelligent judicial review of its determination inasmuch as its "purported findings of fact are speculative and mere conclusions and contain very little[, if any,] factual matter" (Matter of Harrison Orthodox Minyan v Town Bd. of Harrison, 159 AD2d 572, 574 [2d Dept 1990]; see Matter of Seaford Jewish Ctr. v Board of Zoning Appeals of Town of Hempstead, 48 AD2d 686, 686 [2d Dept 1975]). The Town Board "must do more than merely restate the terms of the applicable ordinance" and the procedural history preceding and subsequent to the determination; rather, the Town Board must set forth "findings of the facts essential to its conclusion" to grant the variance in the first instance—i.e., the determination that is the subject of the appeal (Seaford Jewish Ctr., [*2]48 AD2d at 686). Given that the Town Board has "failed to articulate the reasons for its determination and failed to set forth [appropriate] findings of fact" (Matter of Fike v Zoning Bd. of Appeals of Town of Webster, 2 AD3d 1343, 1344 [4th Dept 2003]; see generally Matter of Foxluger v Gossin, 65 AD2d 922, 922-923 [4th Dept 1978]), we continue to hold the case, reserve decision and remit the matter to the Town Board to properly set forth the factual basis for its determination within 30 days of the date of entry of the order of this Court. We remind the parties that "[a]n attorney or party who fails to comply with a[n] . . . order of th[is C]ourt . . . shall be subject to such sanction as [we] may impose" upon motion or our own initiative after the attorney or party has a reasonable opportunity to be heard (22 NYCRR 1250.1 [h]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court