Matter of Sephardic Synagogue of Plainview v Byrne (2026 NY Slip Op 00903)

Matter of Sephardic Synagogue of Plainview v Byrne

2026 NY Slip Op 00903

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2024-05625
 (Index No. 606105/23)

[*1]In the Matter of Sephardic Synagogue of Plainview, appellant, 
vRita Byrne, etc., et al., respondents.

Andrew J. Levitt P.C., Melville, NY, for appellant.
Bee Ready Law Group, Mineola, NY (Christopher J. Neumann of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of Oyster Bay Zoning Board of Appeals dated February 15, 2023, which, after a hearing, denied the petitioner/plaintiff's application for certain area variances, and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (David J. Gugerty, J.), entered March 1, 2024. The order and judgment granted the respondents/defendants' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint, denied the petition/complaint, and, in effect, dismissed the proceeding/action.
ORDERED that the order and judgment is modified, on the law, by (1) deleting the provision thereof granting that branch of the respondents/defendants' motion which was pursuant to CPLR 3211(a) and 7804(f) to dismiss that branch of the petition/complaint which was to review the determination of the Town of Oyster Bay Zoning Board of Appeals dated February 15, 2023, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the petition/complaint which was to review the determination of the Town of Oyster Bay Zoning Board of Appeals dated February 15, 2023, and, in effect, dismissing that portion of the proceeding/action, and substituting therefor a provision granting that branch of the petition/complaint to the extent of annulling that determination; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Town of Oyster Bay Zoning Board of Appeals for a new determination in accordance herewith.
In 2004, the petitioner/plaintiff, Sephardic Synagogue of Plainview (hereinafter the petitioner), purchased certain real property located in Plainview. The property is located in the Town of Oyster Bay's R1-7 one-family residential zoning district (see Code of Town of Oyster Bay [hereinafter Town Code] § 246-3.1). In 2014, the petitioner received a building permit from the Town of Oyster Bay Department of Planning and Development to reconstruct the existing one-story dwelling on the property into a two-story single-family dwelling to accommodate its use as the "'Rabbi's Residence of the Sephardic Synagogue of Plainview.'" It is undisputed, however, that the property was already being used as a synagogue when that building permit was issued.
In July 2021, the petitioner applied to the Town of Oyster Bay Department of Planning and Development to change the use of the property from one family to place of worship [*2]accessory to one family. The Town Code permits a single-family dwelling to be used as a house of worship subject to certain requirements, including a minimum lot size of one acre, landscape buffers, and off-street parking requirements (see id. §§ 246-5.2, 246-5.5.19, 246-7.2, 246-8.2.1). The petitioner's application was denied on the basis that the property did not meet the requirements of Town Code §§ 246-5.5.19, 246-7.2, and 246-8.2.1. Thereafter, the petitioner applied to the Town of Oyster Bay Zoning Board of Appeals (hereinafter the Board) for variances from those provisions of the Town Code. The Board conducted a public hearing, at which the petitioner presented evidence in favor of its variance application, including, among other things, testimony from witnesses regarding the petitioner's landscape buffering, parking requirements for the proposed synagogue, and the effect of the synagogue on property values. The petitioner also presented evidence that it had entered into a nonexclusive license agreement for parking with nearby Mercaz Academy. One individual who lived in the vicinity of the property spoke in opposition to the application. After the hearing, in a determination dated February 15, 2023, the Board denied the petitioner's application.
The petitioner subsequently commenced this hybrid proceeding pursuant to CPLR article 78 to review the Board's determination dated February 15, 2023, and action for declaratory relief. The defendants/respondents, members of the Board, answered the petition and moved pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition/complaint. In an order and judgment entered March 1, 2024, the Supreme Court granted the motion, denied the petition/complaint, and, in effect, dismissed the proceeding/action. The petitioner appeals.
"[W]hile religious institutions are not exempt from local zoning laws, greater flexibility is required in evaluating an application for a religious use than an application for another use and every effort to accommodate the religious use must be made" (Matter of Genesis Assembly of God v Davies, 208 AD2d 627, 628; see Matter of Cohen v Town of Ramapo Bldg., Planning & Zoning Dept., 150 AD3d 993, 994; Matter of Gospel Faith Mission Intl., Inc. v Weiss, 112 AD3d 824, 825). "[E]ducational and religious institutions are presumed to have a beneficial effect on the community" (Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of the Town of Moreau, 5 NY3d 407, 412). "[T]his presumption can be rebutted 'with evidence of a significant impact on traffic congestion, property values, municipal services and the like'" (id., quoting Cornell Univ. v Bagnardi, 68 NY2d 583, 595).
Here, the record reflects that the Board denied the petitioner's application without making any attempt to accommodate the proposed religious use (see Matter of Gospel Faith Mission Intl., Inc. v Weiss, 112 AD3d at 826; Matter of Harrison Orthodox Minyan v Town Bd. of Harrison, 159 AD2d 572, 573). Despite the conditions proposed by the petitioner to mitigate the impact on the surrounding community, the Board denied the petitioner's application in its entirety, even though the proposed religious use could have been substantially accommodated (see Matter of Gospel Faith Mission Intl., Inc. v Weiss, 112 AD3d at 826; Matter of Capriola v Wright, 73 AD3d 1043, 1046). Furthermore, the evidence, taken as a whole, was insufficient to rebut the presumed beneficial effect of the proposed religious use (see Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of the Town of Moreau, 5 NY3d at 412; Matter of Gospel Faith Mission Intl., Inc. v Weiss, 112 AD3d at 826; Matter of Tabernacle of Victory Pentecostal Church v Weiss, 101 AD3d 738, 740).
The petitioner's remaining contention is without merit.
Accordingly, we grant that branch of the petition/complaint which was to review the Board's determination to the extent of annulling that determination and remit the matter to the Board with a direction to grant the petitioner's application for area variances under such reasonable conditions as will allow the proposed religious use while mitigating any detrimental or adverse effects upon the surrounding community (see Matter of Tabernacle of Victory Pentecostal Church v Weiss, 101 AD3d at 740-741; Matter of Capriola v Wright, 73 AD3d at 1043).
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court